JOHN PIERCE *versus* HARRISON STEVENS.

Replevin can be maintained only by one having the right to possession.

Parol evidence is admissible to prove that, at time of making a mortgage
of personal property, the parties agreed that the possession should remain
with the mortgagor.   Such evidence does not contradict the mortgage.

REPLEVIN for a horse, which Charles Pierce had mortgaged
to the plaintiff, and which the defendant also claims under said
Charles.   The defendant offered to prove by parol that, at the
giving of the mortgage, it was agreed by the parties to it, that
the mortgager should be entitled to the possession of the horse
for one year, which had not expired when this replevin suit
was commenced.   This evidence was rejected.   The defend-
ant, after verdict against him, filed exceptions.

*J. S. Abbott*, for defendant.

The writ is dated 15th of April, 1847.   The mortgage bill
of sale, 28th of July, 1846.   The year had not expired, during
which it was proposed to prove that the debtor, Charles Pierce,
had the right to the possession and use of the horse.   The
plaintiff had not the right of possession, and so could not
maintain this action, and the evidence offered should have
been received.   *Wyman* v. *Dorr*, 3 Maine, 183; *Ingraham*
v. *Martin*, 15 *ib*. 373; *Lunt* v. *Brown*, 13 *ib*. 236; *Putnam*
v. *Wyley*, 8 Johns. 432.

*Bronson*, for plaintiff, submitted without argument.

TENNEY, J. orally. — Without any stipulation to the contra-
ry, a mortgagee of either real or personal estate is entitled to
immediate possession.   But the parties may legally contract
that the possession may remain with the mortgager.   As to
personal property, such an agreement does not contradict the

mortgage, and may be proved by parol. A plaintiff having no right to the possession, cannot maintain replevin.

*Exceptions sustained.*