J. D. BUTTS V. F. P. PRIVETT, *as Sheriff of Harper County, et al.*

BILL OF SALE, *When in Effect a Chattel Mortgage.* A bill of sale, absolute upon its face, if taken as a security, is in effect only a chattel mortgage, and the party executing the same may show by parol evidence the real transaction between the parties at the time of the delivery of the written instrument, and may also show that it was the contract that the possession of the personal property described in the written instrument should remain with the mortgagor.

### *Error from Harper District Court.*

ON November 29, 1883, *Butts* began his action against *Privett* to obtain the immediate possession of one span of mules, twenty-four head of stock cattle, one standard mower, one horse rake, certain farming implements, consisting of wagons, plows, harrows, etc., and also a quantity of hay in stack, the property being valued at six hundred dollars. *Privett*, at the time of the commencement of the action, was sheriff of Harper county, and held the property in controversy as such sheriff by virtue of an order of attachment issued by the clerk of the district court of Harper county, in an action pending in the court wherein one John H. Roark was plaintiff and John Meyer was defendant. These facts Privett, as such sheriff, alleged in his answer, and also that John Meyer was the owner of the property in controversy, and that, for the purpose of defrauding John H. Roark and other persons, Meyer made a pretended sale of the property to Samuel J. Butts; that the plaintiff well knew that the sale of the property from Meyer to Samuel J. Butts was fraudulent, and for the purpose of defrauding the creditors of Meyer; and that the plaintiff never purchased the property of any person, but merely attempted to get possession of it for the purpose of assisting Meyer and Samuel J. Butts to perpetrate a fraud upon Roark and the other creditors of Meyer. Privett also denied that either Samuel J. Butts or the plaintiff ever had possession of the property. Plaintiff filed a general denial to this answer. Subsequently John Meyer, alleging that he was

the owner, and interested in the property in controversy, obtained leave to be made a party defendant, and filed the following answer in the case (omitting caption):

"The defendant, John Meyer, for his separate answer to the petition of the plaintiff, J. D. Butts, says he denies that the plaintiff at the time of the commencement of this action was the owner and entitled to the possession of the property, or any article thereof, described in his petition. He also denies that his co-defendant, F. P. Privett, detained said property to the great damage of the plaintiff. This defendant alleges that at the time of the commencement of this action he was the owner of each and every article of said property; that on or about the 30th day of October, 1883, he was indebted to divers persons to the aggregate amount of four hundred dollars; that said debts were then due and defendant's creditors were urging the immediate payment of their demands; that defendant had no money with which to liquidate his said debts, and was greatly embarrassed and troubled about obtaining sufficient funds for that purpose; that one Samuel J. Butts, well knowing and understanding the financial embarrassments of this defendant, and craftily and fraudulently contriving and intending to cheat and defraud this defendant out of his property, and with such fraudulent intent represented to this defendant that he, Samuel J. Butts, greatly sympathized with this defendant in his embarrassment, and that he, Samuel J. Butts, was a single man with plenty of money for which he had no present use, and that he could well spare four hundred dollars of his money for an indefinite time and until this defendant could get able to repay the same; that he could loan this defendant the sum of four hundred dollars for such indefinite time, and charge only ten per cent. interest per annum for the use of the same, which was a much less rate of interest than defendant would have to pay any other person for said money; that if defendant would make him, Samuel J. Butts, a deed to defendant's land and a bill of sale to the personal property mentioned in plaintiff's petition, he, Samuel J. Butts, would hold said deed and bill of sale until this defendant could make the money with which to repay the four hundred dollars and interest to Samuel J. Butts, and that upon repayment of the same he, Samuel J. Butts, would deed the land back to this defendant, as he was a single man and had no wife to interfere, and that he would also deliver the bill of sale, to be canceled; that in the meantime defendant

should have the actual possession and absolute control of all of said property, both real and personal. Defendant further alleges that by reason of the false and fraudulent representation of Samuel J. Butts as aforesaid, he was persuaded and induced to enter into said agreement, and that in pursuance of the same this defendant and his wife executed and delivered to Samuel J. Butts a deed of conveyance to defendant's land, to wit, three hundred and seventy acres in Harper county, Kansas, and this defendant executed a bill of sale for the personal property mentioned in plaintiff's petition; that the defendant is not now, nor has he been since the execution of the deed and bill of sale aforesaid, able to make the money with which to repay the four hundred dollars and interest; that the plaintiff, J. D. Butts, well knowing the fraudulent transaction aforesaid of Samuel J. Butts, and well knowing this defendant's title to and possession of said property, fraudulently took an assignment of the bill of sale from Samuel J. Butts to himself for the purpose of defrauding this defendant out of said personal property. Defendant further alleges that on the 12th day of November, 1883, and before the commencement of this action, A. H. Broadstone, as clerk of this court, issued an order of attachment against the property of this defendant in a cause there and still pending in this court, wherein John H. Roark was plaintiff and this defendant was defendant; that his co-defendant, F. P. Privett, was at the time the order of attachment was issued, sheriff of Harper county, Kansas, and it became his duty as such sheriff to levy and execute said order of attachment; that F. P. Privett, sheriff as aforesaid, on the 13th day of November, 1883, and before the commencement of this action, levied said order of attachment on all the property mentioned in plaintiff's petition as the property of this defendant, and took it into his possession by virtue of the order of attachment, and was detaining said property under said order and levy at the time of the commencement of this action; that defendant, F. P. Privett, had no other or further interest in any of said property than as hereinbefore set forth.

"Wherefore, defendant prays judgment for the property mentioned in plaintiff's petition, subject to the levy of the order of attachment and defendant's (F. P. Privett's) possession of the same under and by virtue of said levy."

Subsequently, the plaintiff demurred to the answer of Meyer, which upon hearing was overruled. Before this ac-

tion was tried in the district court, the attachment case of John H. Roark *v.* John Meyer, referred to in the answers of Privett and Meyer, had been tried, and a judgment rendered in favor of Meyer. Trial had at the March Term, 1884, before the court without a jury. Findings were made in favor of the defendants, which were subsequently set aside, and a new trial granted. A second trial was had, at the November Term, 1884, before the court with a jury. On November 25, 1884, a verdict was rendered in favor of the defendants. Plaintiff filed a motion to set aside the verdict, and for a new trial, which motions were overruled. Judgment for defendants. *Butts* brings the case here.

*Finch & Finch,* and *W. A. McDonald,* for plaintiff in error.

*Sankey & Campbell,* and *W. M. Glenn,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: Action of replevin. The plaintiff claims that he is the owner of and entitled to the possession of the property in controversy, under the following instrument of writing:

"Know all men by these presents, that, in consideration of the sum of six hundred dollars, the receipt of which I do hereby acknowledge, I do grant, sell, transfer, and deliver unto Samuel J. Butts, his heirs, executors, administrators and assigns, the following goods and chattels, viz.: One span of mules, one gray and one bay, 24 head of stock cattle, one standard mower, one horse-rake, and all farm implements belonging to John Meyer, and on the farm this day purchased by said Samuel J. Butts from said John Meyer, being the S. E. ¼ Sec. 35, T. 32 S., R. 9 W., and N. E. ¼ Sec. 2, T. 32 S., R. 9 W., and all the hay in stack on said above-described land, and all the corn on said land, corn to be put in crib: to have and to hold, all and singular, the said goods and chattels, forever. And the said grantor hereby covenants with the said grantee that he is the lawful owner of the said goods and chattels; that they are free from all incumbrance; that he has good right to sell the same as aforesaid; and that he will war-

rant and defend the same against the lawful claims and demands of all persons whomsoever.

"In witness whereof, the said grantor has hereunto set his hand, this 30th day of October, 1883.

JOHN M. MEYER.

"November 3, 1883.—I have this day sold J. D. Butts the within-described property.        SAMUEL J. BUTTS."

Plaintiff claims that his brother, Samuel J. Butts, paid Meyer $1,150, and assumed the payment of mortgages on real estate to the amount of of $550, in consideration of the sale and transfer to him of the real and personal property described in the foregoing instrument of writing, and that he purchased the property in controversy of Samuel J. Butts on November 3d, 1883. John Meyer denies that Samuel J. Butts ever bought any of said property of him, but alleges that the bill of sale was intended to operate only as a chattel mortgage to secure four hundred dollars which he loaned from Samuel J. Butts, and which as yet has not been returned or paid; and he further claims that there was a verbal arrangement between himself and Samuel J. Butts whereby he was to retain possession and control of the property described in the written instrument until the money loaned should become due. It is urged, however, that as Meyer admits he received of Samuel J. Butts four hundred dollars, and that as he has never paid back the same, the plaintiff, standing in the shoes of his brother Samuel J. Butts by the sale and transfer to him of his interest in the property described in the written instrument, has the right of possession of the property under § 15, ch. 68, Comp. Laws 1879, which provides:

"In the absence of stipulations to the contrary, the mortgagee of personal property shall have the legal title thereto, and the right of possession."

A bill of sale of personal property, absolute upon its face, if taken as security, is only a chattel mortgage, and it has always been sufficient in a court of equity to show a state of facts outside of the written instrument which would render the same a mortgage. The question in this case to be determined by the jury, was, whether the transaction between Samuel J. Butts

and John Meyer was in substance a mortgage, notwithstanding the form the parties had given to it; and this question the jury had the right to determine upon the evidence, independently of the form of the instrument itself. The parties had also the legal right to contract that the possession and control of the personal property should remain with the mortgagor; and this arrangement could be proved by parol. (*Moore v. Wade*, 8 Kas. 381; *McDonald v. Kellogg*, 30 id. 170; Jones Ch. Mort. §§ 23–25; *Pierce v. Stevens*, 30 Me. 184.) This also disposes of the demurrer which was presented to the answer of Meyer.

It is urged that the jury trying the case did not follow the instruction of the court which directed them to find in favor of the plaintiff, if the property described in the bill of sale had been attached in legal proceedings against Meyer, and was about to be or had been taken from him, although the time for the payment of the money had not then expired. We would be inclined to agree with counsel and grant a new trial for the failure of the jury to act in obedience to this instruction, if it were not conceded that after the commencement of this action the legal proceedings referred to in the instruction terminated favorably to Meyer, and therefore there were no legal proceedings pending at the time of the trial under which the property was likely to, or could be taken away from the possession of Meyer. The district court approved the verdict, and virtually withdrew such instruction from the case; therefore the error in this particular matter was wholly immaterial, and upon the finding that the bill of sale was merely executed as security, the judgment of the court was properly rendered.

The judgment must therefore be affirmed.

All the Justices concurring.