53  177
s59  497

V. M. GRAY v. REUBEN DELAY, *as Sheriff of Rooks County.*

1. BILL OF SALE, *Absolute on Face.* "A bill of sale of personal property, absolute upon its face, if taken as security, is only a chattel mortgage." (*Butts v. Privett,* 36 Kas. 711.)

2. JURY — *Credibility of Witness.* The jury are the judges of the credibility of a witness, and the weight of his evidence, and where the plaintiff's statements concerning material facts are contradicted by another witness, the jury are at liberty to reject his evidence altogether.

### *Error from Rooks District Court.*

REPLEVIN by *Gray* against *Delay*, as sheriff. Judgment for defendant. The plaintiff comes to this court. The opinion states the facts.

*M. C. Reville,* for plaintiff in error.

*A. H. Ellis,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action of replevin for certain cattle and horses, alleged to be of the total value of $3,300. The case was tried by a jury, which found for the defendant. Judgment was rendered in favor of the defendant for a return of the property, or, in case a return could not be had, then for $2,103, the value of the property, and for costs. The plaintiff brings the case to this court.

V. M. Gray, the plaintiff, is the father of Irad W. Gray. The plaintiff claimed upon the trial, that on the 25th of March, 1889, Irad W. Gray, who lived at Plainville, Rooks county, in this state, finding himself in failing circumstances, sold the cattle and horses in controversy to him; that he took possession of the same and mortgaged them to the First National Bank of Hays City to secure two promissory notes aggregating $2,000, signed by Irad W. Gray as principal and himself as surety. Reuben Delay, as sheriff, attached the cattle and horses as the property of Irad W. Gray, in several

cases brought against the latter by his creditors, on the 29th of March, 1889. The alleged bill of sale, under which V. M. Gray claimed the property, was dated March 25, 1889, but probably executed on March 26. On the part of the defendant, it was claimed that the so-called bill of sale was executed as a security or a chattel mortgage only, and that V. M. Gray never filed the same for record, and never took possession of any of the cattle or horses before the levy thereon. The First National Bank of Hays City did not intervene, and was not a party to the record.

The claim that the property was transferred by an absolute title of sale is not supported by the findings of the jury, and there was sufficient evidence offered upon the trial to support this finding. "A bill of sale of personal property, absolute upon its face, if taken as security, is only a chattel mortgage." (*Butts v. Privett*, 36 Kas. 711.) As the so-called bill of sale or chattel mortgage was not filed for record, the question of possession of the cattle and horses at the time of the levy of the attachments was the pivotal fact in the case. At the time of the transaction between the plaintiff and his son, Irad W. Gray, the larger number of the cattle and horses were on the ranch of Irad W. Gray, four miles south of Plainville, in Rooks county. One Kane, his hired man, was in charge thereof. Twenty-five head of the cattle were at Chris. Christiansen's farm, adjoining the ranch. The plaintiff testified that, after the so-called bill of sale was delivered to him, and on the 26th of March, he went to the ranch of Irad W. Gray, where Kane was in charge, and also to the farm of Christiansen, and took possession of the cattle and made arrangements with those parties to care for the same for him. At the time of the trial Kane was dead, but Christiansen was living. He testified that the plaintiff did not see him about the cattle upon his farm or take any possession of the same until after the sheriff attached them. The jury specially found that, after the execution of the so-called bill of sale and before the levy, there was no actual change in the possession of the cattle and horses on the Irad W. Gray ranch, and

all of their findings, including the general verdict, tend to show that they did not believe the testimony of the plaintiff as to his taking possession of any of the cattle or horses. The jury were under no obligation to believe the plaintiff's statements about his alleged possession of the property before the levy, and, under the circumstances of this case, entirely at liberty to reject it altogether. The jury must take evidence with all its surroundings, and often other things which go to characterize it are more convincing than the positive evidence of any single witness, especially if he is interested.

Some of the instructions given by the court might be criticised, but as it is conceded that the so-called bill of sale was never filed for record, and as the jury found that it was taken as security only, and therefore was only a chattel mortgage, and as it appears from the further findings of the jury that the plaintiff never took any actual possession of the cattle and horses before the levy, we find nothing substantial in the alleged errors to affect the verdict or to cause a new trial. The other alleged errors we have considered, but they are wholly unimportant.

The judgment of the district court will be affirmed.

All the Justices concurring.