No. 19,188.

NATHAN BOAM and HYMAN BOAM, Copartners, etc., *Appellees*, v. BARNETT COHEN and A. R. COHEN, *Appellants*.

SYLLABUS BY THE COURT.

1. BILL OF SALE—*Intended as Security—Character of Instrument May be Shown by Parol Evidence*. An instrument in form of a bill of unconditional sale of personal property but intended as security for the payment of debts is in effect a chattel mortgage and the true character of the instrument may be shown by parol evidence.

2. SAME—*Conversion of Property—Measure of Damages*. A bill of sale of a stock of goods and fixtures was given by a

firm to one of its creditors who agreed to dispose of the property, pay the firm debts, and return the surplus, if any. The creditor mingled the goods with his own, sold them and sold the fixtures without keeping an account of the proceeds, paid some of the firm debts, and then denied liability for other debts and liability to account to the firm. *Held,* the firm had the right to treat the goods and fixtures as converted and the measure of damages was the market value of the property when converted less the amount of firm debts the mortgagee had discharged.

3. PLEADINGS—*Duty of Court to Construe—Damages for Conversion—Jury Trial.* The court must determine whether or not a case shall be tried by a jury from the pleading. In doing so it should disregard mere characterizations and look to the facts stated. In this case the cause was properly submitted to a jury as one for damages for conversion, although the petition described the bill of sale as given for security, as an assignment for the benefit of creditors, and as creating a trust.

4. TRIAL—*Evidence Sustains Verdict.* The evidence examined and held to sustain the verdict.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed January 9, 1915. Affirmed.

*W. G. Fairchild,* and *H. S. Lewis,* both of Hutchinson, for the appellants.

*Carr W. Taylor,* of Hutchinson, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The plaintiffs were partners conducting a cleaning, repairing, and tailoring business, and owning a stock of merchandise, show cases, shelving, hat blocks, electric irons, electric fixtures and other property, classified apart from the stock of merchandise as fixtures. The firm was indebted on account to Barnett Cohen and to a number of other creditors. Cohen had guaranteed the accounts of two of these creditors. After some preliminary negotiations with Cohen the plaintiffs executed and delivered to Cohen's son, A. R. Cohen, a bill of sale of the stock and fixtures which

recited a consideration of one dollar and other valuable considerations, and authorized immediate possession of the property to be taken. Barnett Cohen, who was himself a merchant, took possession of the stock of merchandise, removed it to his own store, mingled it with his own goods, and sold it without keeping a separate account of either the proceeds or the expenses of sale. He also took possession of the fixtures, and disposed of them. He canceled his own claim and satisfied the creditors whose claims he had guaranteed.

The plaintiffs sued the defendants for the value of the property covered by the bill of sale, for an accounting, and for other relief. The petition alleged that the bill of sale was made under a verbal agreement that Cohen would take possession of the goods and fixtures, sell them, pay all the plaintiffs' creditors, and if any surplus remained return it to the plaintiffs; and it was alleged that the defendants had refused to carry out the terms of this agreement, had converted the property to their own use, and had refused to account to the plaintiffs. The answer alleged that Cohen acquired title to the goods and fixtures by the bill of sale on the consideration that he would satisfy his own claim and the claims which he had guaranteed, which he had done. The petition characterized the transaction as one for the security of debts, as an assignment for the benefit of creditors, and as creating a trust. The answer maintained the theory of an absolute and unconditional sale. The facts were stated, however, as each party understood them, and the court, disregarding characterizations, submitted the cause to a jury as one for damages for misappropriation of chattel securities. The plaintiffs recovered, and the defendants appeal.

The defendants objected to oral testimony tending to establish the nature of the disposition of the plaintiffs' property alleged in the petition. It is said that such testimony defeated a written instrument into which all the negotiations and agreements of the par-

ties merged.  If the testimony were true the instrument, in form a bill of sale, was nothing more and nothing less than a chattel mortgage to secure the plaintiffs' various creditors.  A bill of sale absolute in form, but intended as security, stands on the same footing as a deed of real estate absolute in form but intended as security, and the true character of the transaction may be shown by parol evidence under the well-known exception to the rule forbidding the impeachment of written instruments.  (*Butts v. Privett, Sheriff,* 36 Kan. 711, 14 Pac. 247; *Gray v. Delay,* 53 Kan. 177, 35 Pac. 1108.)  It may be observed that the defendants were obliged to resort to oral testimony regarding the consideration of the bill of sale to present their defense, and the testimony on behalf of the plaintiffs went but little beyond the same subject.

The court instructed the jury substantially to the effect that if the claim stated in the answer were true the verdict should be for the defendants; that is, if the agreement were that the defendants should take the property and satisfy the Cohen debt and those debts which Cohen had guaranteed, and that this had been done, the plaintiffs were not entitled to recover.  It was conceded that the debts just referred to had been satisfied.  On the other hand, the jury were instructed that if the claim stated in the petition were true the plaintiffs were entitled to recover the difference between the market value of the property at the date of the transfer, less the amount of the plaintiffs' debts which the defendants had satisfied.  The defendants complain of this measure of damages, and insist that the plaintiff should be allowed to recover no more than the debts which the defendants had failed to satisfy.

The evidence of both parties was that after the defendants had obtained possession of the property claims other than those for which Barnett Cohen became responsible were presented for payment and that the defendants denied liability for them and denied

liability to account to the plaintiffs. The defendants held the property for a specific purpose and could make no use or disposition of it for any other purpose. Conduct inconsistent with or in denial of the plaintiffs' rights not only amounted to a breach of contract, but also amounted to a breach of faith in accepting and dealing with the security. This being true, the plaintiffs were at liberty to treat the property as converted, and they were damaged to the extent of the value of the property, less whatever debts the defendants had canceled.

The defendants insist that the verdict for $650 in favor of the plaintiffs is not sustained by the evidence.

The bill of sale was executed and the property was surrendered to the defendants about May 7, 1913. The plaintiffs showed that their stock of goods invoiced $1082.22 on January 1, 1913. Between January 1 and May 7 new goods were put into the store to the amount of $1204.44, and goods were sold from the store to the amount of $663.25. This left goods in the store on the latter date of the book value of $1623.33. There was evidence that the goods had a sale value much greater than this book valuation, and that the defendants in fact sold a portion of the goods at a profit of from twenty-five to thirty per cent. The defendants kept no account of their sales, and testified that the goods were sold at a loss. The debts paid by the defendants amounted to $1368.93, leaving a surplus of goods over debts, according to the plaintiffs' proof, of $254.40, or more. There was some proof that the fixtures cost in the neighborhood of $550. There was other testimony that they were worth considerably more than that sum. The defendants testified that they sold the fixtures for $111. Assuming that the jury accepted the book value of the goods as the fair market value, they found the value of the fixtures to be $395.60, or approximately twenty-eight per cent less than cost. An invoice taken by the defendants, after

goods to the amount of $258 had been returned to a guaranteed creditor, showed goods remaining in the store to the amount of $1111.70. The good faith of a portion of this invoice, taken in the absence of the plaintiffs, was questioned. The jury, as they had a right to do, seem to have relied on the testimony favorable to the plaintiffs, and accepting this testimony as true it can not be said that the verdict is unsupported.

The defendants say the petition alleged an assignment for the benefit of creditors, the defendants proceeded on the theory that the action was one for breach of trust, and that the court, disregarding both these theories, submitted the cause to the jury as a simple action for damages for conversion. The plaintiffs could no more make the bill of sale an assignment for the benefit of creditors by declaring it to be such than the defendants could make it an instrument of unconditional sale by declaring it to be such. The court determined the method of trial from the facts stated in the pleadings. The facts stated in the petition indicated that the bill of sale was intended for security, that the property delivered as security had been converted, and that, notwithstanding the plaintiffs' prayers for other relief, they were entitled to damages. The answer simply gave a different version of the transaction. Therefore the action was in fact one for the recovery of money and a jury was properly called. (Civ. Code, § 279.)

Whatever legal theories of the case the parties may have held, the record indicates that they produced all the testimony they had concerning the origin and nature of the original transaction, the quantity and value of the goods, the disposition made of the goods, and all collateral facts incident to the controversy. The petition was not attacked by motion. No request was made for instructions upon the theory of a trust, or for instructions different from those the court gave. The only objection made to the instructions which were

given has been considered. No new or additional evidence was tendered at the hearing of the motion for a new trial, and consequently it is too late to claim prejudice on account of the form of the proceedings. Indeed the only substantial grievance the defendants have is that the jury leaned not upon their evidence but upon the evidence of the plaintiffs. For such a grievance this court has no remedy.

The judgment of the district court is affirmed.