No. 28,820.

ADRIAN C. HUMPHREYS and W. JULE DAY, Partners doing business as HUMPHREYS & DAY, *Appellees*, v. THE COMMERCE TRUST COMPANY, *Appellant*.

(278 Pac. 736.)

Opinion filed July 6, 1929.

*John S. Dean*, of Topeka, and *J. M. Challis*, of Atchison, for the appellant; *W. P. Waggener, B. P. Waggener* and *O. P. May*, all of Atchison, of counsel.

*Z. E. Jackson*, of Atchison, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by Humphreys & Day to recover from the Commerce Trust Company compensation for legal services rendered by plaintiffs in a controversy with the United States as to the amount of income tax due from the heirs of Cyrus Leland, Jr., who died on or about August 30, 1917. He left a large estate, one-fifth of which was devised and bequeathed to his son, William F. Leland, and the remainder to four other children, each to receive one-fifth of the estate. William F. Leland was killed during a battle of the world war, and left surviving him two minor children, William F. Leland, Jr., and Kathryn Leland. The Commerce Trust Company was appointed and later qualified as guardian of the two minor children of William F. Leland. The commissioner of internal revenue made a demand of the heirs of Cyrus Leland, Jr., for payment of income tax in the amount of $9,624.25, which was regarded as excessive and was resisted by the heirs.

A suit was brought in behalf of the government in the United States district court of Kansas to recover the taxes claimed to be due. It was alleged by plaintiffs that they were employed by the several heirs to represent them in that action, that the portion of the estate which descended to the two minors exceeded $10,000 in

value, and that to the extent thereof it was subject to the payment of the income taxes assessed against the estate; that on the ——— day of November, 1923, the Commerce Trust Company, through its authorized agent, Sheffield Ingalls, verbally employed the plaintiffs to defend against the assessments, and that it agreed to pay plaintiffs the reasonable value of their services. Plaintiffs further alleged that they had performed the services, with the result that the total taxes of $9,624.25 were abated to the extent of $8,245.53, leaving $1,378.72 to be paid, and plaintiffs claimed that their services were worth twenty per cent of the amount of the reduction, and therefore asked judgment for the whole amount against the wards of the defendant.

The defendant answered first with a general denial. It admitted that it had been appointed as guardian for the minors, that Cyrus Leland, Jr., had died and had left one-fifth of his estate to his son, William F. Leland, and the other four-fifths to other children of Cyrus Leland, Jr., each of whom was given one-fifth of the estate, and that each share exceeded in value $10,000. It was admitted that the action of the United States court was brought against all the heirs of the estate, and that defendant had retained the plaintiffs to protect the minor wards, and that the ratable proportion or share of the tax illegally assessed was $1,924.87; that the defendant never agreed with plaintiffs nor was it understood that they should do more than protect the interest of the defendant's wards against the exactions of the federal authorities, and that all the other heirs, defendants in the tax suit, were solvent and able to pay their proportion of the amount due to the government, and that the defendant was not liable to pay more than one-fifth thereof.

There is an admission that plaintiffs were employed on a contingent basis; that is, to receive twenty per cent of the amount saved. It was further alleged that there was a compromise of the tax suit, whereby the amount due was adjusted at $1,378.72, and that that amount was ratably paid by all the heirs, this defendant paying one-fifth of the same. It is conceded that defendant is liable to the plaintiffs for $329.82, and no more, and defendant asks that this amount be adjudged to be the extent of its liability and that it recover all costs that may accrue hereafter.

The defendant demanded a jury trial, which was denied, and that raises the only question involved in this appeal. Errors were

assigned on the refusal of the court to receive offered testimony, but no motion for a new trial was made and these rulings are not open to consideration on this appeal.

It is argued by plaintiffs that a motion for a new trial was necessary for a review of the ruling denying a jury trial. That ruling raised only a question of law. The trial court, it appears, proceeded upon the theory that there was no issue of fact to be tried and practically held that under the pleadings only a question of law was raised, and upon that theory no motion for a new trial was necessary. The situation when the jury was refused was substantially the same as if the plaintiffs had asked for judgment on the pleadings and it had been granted. That being the attitude, it is clear that a motion for a new trial was not necessary to a review of the ruling refusing a jury trial.

The action, as has been seen, was brought for the recovery of money. Defendant was entitled to a jury trial if a question of fact was raised by the answer of defendant. Each of the heirs had the right to contract with plaintiffs respecting the defense to be made against the assessments of the government for taxes and to limit the extent of his liability on the employment. The defendant in effect pleaded that plaintiffs were employed by it to protect the interest of its wards, not to protect the entire estate nor of all of the heirs, and the answer negatives plaintiffs' claim by alleging that it was never agreed or understood that plaintiffs were employed by defendant to do more than to protect the interest of its wards or to be liable for protection beyond their ratable proportion of the tax assessed. The guardian of the wards had no right to bind them or their inheritance for the obligations of other heirs or to protect the interests of persons other than the wards themselves. If that was the contract made with plaintiffs, the defendant is not liable for more than a fee of twenty per cent of the ratable proportion secured by plaintiffs; that is, one-fifth of the amount saved by their services. It is urged by plaintiffs that the action of the government was brought upon a joint and several liability and that under the federal rules the entire amount due may be collected from any one of the heirs or distributees. However that may be, this controversy is not between the United States and the defendant, but is an action based on contract with plaintiffs and must be determined on the basis of the agreement made between them and the defendant. If

the agreement was that defendant should pay only for the ratable protection furnished and only for the proportion of the fees chargeable to the wards, that agreement must control. That was the real issue raised by defendant's answer. It was an issue for trial by a jury where one is demanded. That demand and refusal raised only a question of law and a motion for a new trial was not necessary to preserve the question for a review upon an appeal. If defendant had stopped at the stage of the trial when the jury was refused, it would hardly be contended that a motion for a new trial would have been necessary, and the fact that defendant subsequently made offers of testimony, which were not received, does not make the refusal of a jury other than a question of law.

There was error in refusing the jury trial upon the demand of defendant, and for that reason the judgment is reversed and the cause remanded for further proceedings.