## B. CAHOON and A. J. KENT, Appellants, v. THOS. S. LEVY, and others, Defendants, and ISAAC NATHAN, Garnishee, Respondents.

The doctrine of garnishment, although partially regulated by statute, is not the less a common law proceeding, and therefore in proceedings against a garnishee, the parties are entitled to a jury trial.

In Chancery cases the parties have no right to demand a trial by jury, but in all cases at law, it is a right which can be insisted upon and enforced.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The opinion of the Court contains the facts.

*Crocker & Robinson*, for Appellants.

*Moore, Meredith & Welty*, for Respondents.

No authorities were cited by counsel.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., and BRYAN, J., concurred.

It is only necessary to consider one of the questions raised by the appellants. The case in the Court below involved the determination of certain issues of fact, and the plaintiffs demanded a trial by jury, which was denied. We have held, that in Chancery cases, the parties have no right to demand a trial by jury, but we are of opinion that in all cases at law, it is a right which can be insisted upon and enforced. The doctrine of garnishment is part of the common law derived from the custom of London, and although it is here partially regulated by statute, it is not the less a common law proceeding.

As it is impossible to say how the issues will be determined upon another trial, it is unnecessary to pass upon the other assignments of error. For the one already noticed, the judgment is reversed, and the cause remanded.