(January 2, 1907.)

W. B. RUSSELL, G. F. RUSSELL and J. J. PUGH, Copartners, Respondents, v. F. L. ALT and FRANK KELLOM. Copartners, Appellants.

[88 Pac. 416.]

REFERENCE—ACTION AT LAW CANNOT BE REFERRED—CONFINED TO EQUITY CASES ONLY, WHERE BY CONSENT.

1. A court has no power to arbitrarily send an ordinary action at law to a referee for trial against the objection of either party to the litigation, and this, whether the suit requires the examination of a long account or not.

2. Reference is confined to equity cases only; under the provisions of our constitution the right to trial by jury is never to be denied in law cases.

(Syllabus by the court.)

APPEAL from the District Court of the First Judicial District for Kootenai County. Hon. R. T. Morgan, Judge.

Action for damages on contract. Judgment for plaintiff, from which and an order denying motion for new trial, defendant appeals. *Reversed.*

Edwin McBee, for Appellants.

The supreme court of Idaho, interpreting section 7, article 1, has held that its provisions must be read in the light of the law existing at the time of the adoption of the constitution, and that they were not intended to extend the right of trial by jury, but simply to secure that right as it existed at the date of the adoption of the constitution. (*Christensen v. Hollingsworth*, 6 Idaho, 87, 96 Am. St. Rep. 256, 53 Pac. 211.)

A statute of Minnesota, authorizing a compulsory reference in actions at law where the trial of an issue of fact requires the examination of a long account on either side, was declared to be unconstitutional, being repugnant to the provisions of the constitution of that state that the right to a trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy. (*St. Paul Ry. Co. v. Gardiner*, 19 Minn. 132, 18 Am. Rep. 334.)

Our statute, section 4415, Revised Statutes, was taken from the California statute and was enacted in 1864. Long prior to that time this state had a judicial interpretation from the supreme court of California, holding that a court has no power to send a case to a referee for trial, against the objection of the defendant, unless it is an action in equity. (*Smith v. Pollock*, 2 Cal. 921; *Russell v. Elliott*, 2 Cal. 246; *Cahoon v. Levy*, 5 Cal. 294; *Grim v. Norris*, 19 Cal. 140, 79 Am. Dec. 206.)

In states where a compulsory reference is allowed in the face of a constitutional provision like ours, such right is based on laws that were in force prior to the adoption of such constitutional provision, but even assuming that there is a conflict of authority, our statute authorizing the appointment of referee was adopted from California after the decision of the case of *Grim v. Norris* had been rendered, and in adopting it from that state, after such a decision, we also adopted the judicial interpretation given to it by the highest court of that state.

Chas. L. Heitman and T. H. Wilson, for Respondents.

The constitution does not affect in any way the meaning of section 4415, Revised Statutes. There was nothing prior to

the adoption of our constitution to restrict said section in its application but the common law, nor can there be since, as it is admitted the constitution does not interfere.

The expression, "the right of trial by jury shall be secured to all," found in the California constitution, but not in the Idaho constitution, means much more than "the trial by jury shall remain inviolate." (*Grim v. Norris,* 19 Cal. 142, 79 Am. Dec. 206; *Smith v. Pollock,* 2 Cal. 92.)

"The courts of California have necessarily adopted a strict construction of the statute, being impelled thereto by a provision of the constitution of the state."

"When the statute was enacted providing for a compulsory reference of issues to referees to hear and determine, the courts of that state were under the necessity of either declaring the act unconstitutional, or of giving it a strict and narrow construction. The latter course was pursued, and the statute held applicable to equitable actions only." (*Huston v. Wadsworth,* 5 Colo. 213.)

The following are leading cases in which the decision is based upon our statute: *Tribou v. Strowbridge,* 7 Or. 156; *Huston v. Wadsworth,* 5 Colo. 213; *Board of Commrs. v. Mc-Kinley,* 8 Okla. 128, 56 Pac. 1046. To same effect see *Van Tress v. Territory,* 7 Okla. 353, 54 Pac. 501; Story's Equity Jurisprudence, 10th ed., secs. 442-445.

An action at law involving the examination of a long account may properly be referred against the objection of one of the parties. (*Edwardson v. Garnhart,* 56 Mo. 91; *Sargent v. Putnam,* 58 N. H. 182.)

It is claimed by the appellant that if this proceeding is authorized by the statute (compulsory reference), it impairs the right of trial by jury in civil cases in actions at law, and that the statute is void from being in conflict with the constitution of this state, which provides that, "in civil cases the right of trial by jury shall remain inviolate." This language of the constitution indicates that the right of trial by jury shall continue to all suitors in courts in all cases in which it was secured to them by the laws and practice of the courts

at the time of the adoption of the constitution. (*Mead v. Walker,* 17 Wis. 189.)

Under the statute, cases like this have been referred and tried by a referee, without question as to authority of the court to order the reference, for a quarter of a century; and if there was doubt as to the constitutionality of this statute, it would, under the circumstances and the sanction of long usage, have to be solved in favor of the statute. (Cooley's Constitutional Limitations, 741; *Fletcher v. Peck,* 6 Cranch, 128, 3 L. ed. 175; *Bank of United States v. Halstead,* 10 Wheat. 53, 6 L. ed. 264; *Parsons v. Bedford,* 3 Pet. 433, 7 L. ed. 732.)

Compulsory references are granted, as a rule, in actions of contract where long accounts are involved. (24 Am. & Eng. Ency. of Law, p. 222, sec. 3; *Chambers v. Appelton,* 84 N. Y. 649; *Walsh v. Darragh,* 52 N. Y. 592; *Vilmar v. Schall,* 61 N. Y. 568.

STOCKSLAGER, C. J.—This appeal involves but one question. It seems that plaintiffs commenced their action in the district court of Kootenai county to recover from the defendants the sum of $954.75, balance due on a certain alleged contract by which defendants agreed to furnish plaintiffs certain logs to be delivered either at the mouth of the St. Joe river or at the village of Harrison, on or before the first day of April, 1905.

After denying all the allegations of the complaint, excepting the contract to furnish the logs at the time and place specified in the complaint, and the copartnership of plaintiffs in the logging business as stated, as well as the copartnership of defendants in the same business as stated, the defendants further answering, and by cross-complaint aver that plaintiffs are indebted to defendants in the sum of $401.06 on a balance of account for logs furnished and for driving logs for plaintiffs. This cross-complaint is denied by plaintiffs.

After the pleadings were thus framed the case was regularly called for trial. A jury was impaneled and sworn to

try the case. A witness was called and sworn and testified on behalf of plaintiffs. The court then adjourned for the day. At the coming in of the court the following morning the court, of its own motion, discharged the jury and appointed a referee to take testimony and report findings to the court. We are indebted to counsel for appellants for the statements in his brief. It is not contradicted by counsel for respondents and is borne out by the transcript. The question is: Had the court the right to appoint a referee on its own motion? Counsel for appellants objected to the appointment of a referee and insisted on his right to a trial by jury; the record shows that he continued his objections to the proceedings of the court from the time of the appointment of the referee to final judgment, and then appealed from the judgment and an order denying his motion for a new trial. He insists that under the provisions of article 1, section 7 of our constitution he was entitled to a jury trial. It says: "The right to a trial by jury shall remain inviolate. . . . . A trial by jury may be waived in all criminal cases not amounting to a felony, by the consent of both parties expressed in open court, and in civil actions by the consent of the parties signified in such manner as may be prescribed by law." At the time of the adoption of our constitution we had the following statutory provision with reference to the appointment of a referee: "When the parties do not consent, the court may, upon the application of either, or of its own motion, direct a referee in the following cases: 1. When the trial of an issue of fact requires the examination of a long account of either side, in which case the referee may be directed to hear and decide the whole issue or report upon any specific question of fact involved therein; 2. When the taking of an account is necessary for the information of the court before the judgment, or for carrying a judgment or order into effect; 3. When a question of fact other than upon the pleadings arises upon motion or otherwise in any stage of the action; 4. When it is necessary for the information of the court in a special proceeding." (Rev. Stats. 1887,

sec. 4415.) This section is borrowed from California and is identical with section 639, Code of Civil Procedure of that state. The first territorial legislature of Idaho held in Lewiston in December, 1863, and January and February, 1864, in chapter 6 at page 115, enacted the California law, and it was carried into the Revised Statutes of 1887; hence, has been the law since the earliest existence of the territory.

The first expression we find in the California reports bearing on the subject under discussion was in January, 1852. (*Smith v. Pollock,* 2 Cal. 92.) Mr. Justice Murray, speaking for the court, said: "The language of the constitution is explicit, and it is evident the framers of that instrument intended to give the benefit of the trial by jury in every cause." Also the same volume, page 245, in *Russell v. Elliott.* In *Cahoon v. Levy,* 5 Cal. 294, it is again held that in all cases at law the right to trial by jury can be insisted upon and enforced. We next find the same doctrine expressed in *Grim v. Norris,* 19 Cal. 140, 79 Am. Dec. 206. This decision was rendered in 1861. Mr. Justice Cope delivered the opinion. We quote from the opinion: "The ground of the reference was that a trial of the case should require the examination of a long account, and the court acted, no doubt, on the supposition that the statute afforded the requisite authority for the order. But the constitution provides that 'the right of trial by jury shall be secured to all, and remain inviolate forever,' and if such a construction of the statute could be maintained, we do not see why this right might not be entirely swept away by legislative enactment. The framers of the constitution regarded the right of the citizen in this respect as too sacred and valuable to be intrusted to the guardianship of the legislature, and the provision referred to was intended as a restriction upon legislative authority."

It will be seen that the court of last resort of California had repeatedly construed this section 639 at the time our territorial legislature enacted section 184 of chapter 6 in 1863-64 and section 4415 of the Revised Statutes of 1887; hence under the rule, when we adopted the section, the inter-

pretation given it by the highest court of that state would seem to apply in this case. The right to trial by jury is one of the most sacred rights enjoyed by our people, and it is dangerous to attempt to legislate that right into the hands of a referee. It may at times be tedious as well as expensive, but it was handed down to us by the framers of our federal constitution, and any attempt to legislate or by judicial interpretation take it from the people should not be encouraged by the courts. In one of the most instructive decisions to which our attention has been called, *St. Paul & Sioux City R. Co. v. Gardner*, 19 Minn. 132, 18 Am. Rep. 334, it is said in the syllabus: "General Statutes, chapter 66, section 228, in terms authorizes compulsory reference in actions at law when the trial of an issue of fact requires the examination of a long account on either side. In this respect it is repugnant to the constitution, article 1, section 4, which provides that the right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy."

In 79 Am. Dec. 207, the author discusses the subject under consideration, and has cited the authorities bearing on the question. Respondent in his brief has also cited authorities holding that under a statute and constitution similar to ours the court is authorized to appoint a referee on its own motion. After reviewing all the authorities cited, we are inclined to the opinion that the rule laid down in California, Minnesota and Nebraska, and a number of other states, comes nearer reaching the right of the litigant as guaranteed by the constitution of the United States than the line of authorities taking the opposite view. We are not unmindful of the fact that numerous cases are before the courts wherein a referee is almost a necessity, and as said by counsel for respondent in his brief, "From the great inconvenience that might arise by submitting long and complicated accounts to jurors who are not accountants and whose results at best would be unreliable, it seems to us that it would be manifestly unjust to compel a party to submit such complications to a jury, and dis-

astrous to this class of litigation.'' There is much force and reason in this assertion, but the presumption is that in the class of litigation referred to it is the desire of all parties to the litigation to get at the facts; hence, when serious controversies or long complicated accounts are shown to exist, the attorneys are willing, or even anxious, to submit such questions to a referee, but to say that the court can peremptorily submit a law case to a referee over the objection of all parties to the litigation, and thereby deprive citizens of their constitutional right to trial by jury, is not in accord with our view of the constitutional right of the citizen. The case is reversed and remanded, with costs to appellants.

Ailshie, J., concurs.

SULLIVAN, J., Concurring.—I concur in the conclusion reached. The guaranty found in section 7, article 1 of the constitution of Idaho, to the effect that the right of trial by jury shall remain inviolate, was not intended to' extend the right of trial by jury, but simply to secure that right as it existed at the date of the adoption of the constitution, and has no reference to suits in equity. (*Christensen. v. Hollingsworth,* 6 Idaho, 87, 96 Am. St. Rep. 256, 53 Pac. 211.) As bearing on the question of the right to trial by jury of questions of fact in certain proceedings, see *Nelson v. Steele, Judge, ante,* p. 762, 88 Pac. 95, decided at this term of our court.