## CHARLESTON.

WILLIAMS *v.* WEIRLICH, J. P., *et al.*

Submitted March 11, 1914.   Decided April 7, 1914.

JUSTICES OF THE PEACE—*Prohibition—Judgment Without Jurisdiction.*

When a jury called to try a case before a justice fail to agree, the justice himself cannot render judgment on the evidence already heard, unless the parties agree that he may do so; if he proceeds so to render judgment without consent of the parties, he exceeds his jurisdiction, and the judgment and all proceedings on it may be prohibited.

Error to Circuit Court, Preston County.

Application by Benjamin Williams for writ of prohibition against J. H. Weirlich, Justice of the Peace, and others. Judgment for defendants, and plaintiff brings error.

*Reversed and Remanded.*

*F. E. Parrack,* for plaintiff in error.

ROBINSON, JUDGE:

Borgman and another sued Williams before a justice of the peace. On demand of the defendant, the action was tried before a jury. The jury failing to agree, the justice discharged them, and, in the absence of the defendant and without his consent, heard the case himself on the evidence given before the jury and rendered judgment for the plaintiffs. Thereupon Williams filed his petition in the circuit court praying for prohibition of the judgment and all further proceedings on it. The rule in prohibition issued. On the return day thereof the respondents, the justice and the plaintiffs in

the action, demurred to the petition and moved to discharge the rule. The court sustained the demurrer and the motion; and dismissed the prohibition proceedings. The soundness of such judgment is challenged by this writ of error.

The judgment of the circuit court is so clearly wrong that we may as well make short work of the case. The petition showed that the justice had exceeded and was continuing to exceed the jurisdiction given him by law. On its face it warranted the issuance of the writ of prohibition.

A justice has only such jurisdiction as is given him by statute. When a jury, called for the trial of an action pending before a justice, fail to agree, the justice can not render judgment on the evidence already heard unless the parties to the action agree that he may do so. This is the plain letter of the statute. Code 1913, ch. 50, sec. 89. He has no power to dispense with further jury trial and to decide the case himself unless the parties agree to such a course. If he assumes such power, he exceeds his jurisdiction, and may be prohibited. Nor does it matter that there may be remedy by appeal from the judgment of the justice. Prohibition lies nevertheless. *Johnston* v. *Hunter,* 50 W. Va. 52.

The judgment will be reversed, the demurrer to the petition and the motion to discharge the rule will be overruled, and the case remanded with leave to the respondents to make return, and for further proceedings.

*Reversed and Remanded.*