No. 28,380.

VIDA M. ESTEY, *Plaintiff,* v. J. W. HOLDREN, as Judge of the District Court of the Fourteenth Judicial District of the State of Kansas, *Defendant.*

(267 Pac. 1098.)

Opinion filed June 9, 1928.

*Chester Stevens,* of Independence, for the plaintiff.
*Donald W. Stewart,* of Independence, for the defendant.

The opinion of the court was delivered by

DAWSON, J.: This is an original proceeding in mandamus to require the presiding judge of the Montgomery county district court

to grant a jury trial in an action pending in his court in which the petitioner herein is plaintiff and four corporations are defendants.

The verified motion for the writ makes it appear that the action in which the jury trial is demanded as a matter of right is for the recovery of a money judgment on three common-law counts:

The first pleaded the breach of a certain contract whereby four defendant corporations bound themselves to take 10 per cent of the daily open-flow production of a certain gas well on a leasehold of plaintiff and to pay 7 cents per 1,000 cubic feet therefor. It was alleged that the daily open flow was in excess of 10,000,000 cubic feet, but defendants took no more than a total of 7,645,000 cubic feet in a period of 68 days, when they should have taken at least 68,000,000 cubic feet and should have paid 7 cents per 1,000 cubic feet therefor, for which cause of action plaintiff prayed judgment in the sum of $4,264.87.

The second count was for an alleged balance of $70.15 due plaintiff for gas taken by defendants.

The third count was based on an alleged loss of gas because of a leak in the connection installed by defendants between plaintiff's gas well and the meter whereby 51,000,000 cubic feet was permitted to escape, and that this quantity of gas was worth 7 cents per 1,000 cubic feet, and defendants were liable to the plaintiff therefor in the sum of $3,570. The total recovery prayed for on the three counts was $7,905.02.

The answers of three of these defendants contained general denials, some minor admissions; one defendant pleaded that it had no interest in the contract; and two defendants specially pleaded that plaintiff's gas well was wet, the gas therein loaded with water, the well incapable of delivering gas to the pipe line, and that the gas was of such poor quality that it was unacceptable to defendants' customers.

On this joinder of issues the cause was set down for a jury trial at the January, 1928, sitting of court, but on a belated motion of defendants it was taken out of the list of jury cases and assigned for trial before a referee. Defendant's motion which induced the making of that order set out the following grounds therefor:

"1. That the cause of action involves a long account of a highly technical nature necessitating technical evidence upon question of geology, the open-flow capacity of the gas well, computation of pressure, calculations of meter charges, and other similar material difficult of ascertainment by a jury.

"2. That the second cause of action involves an alleged error in the cal-

culations and reading of some 90 charts, not readily understood by laymen, and each involves mathematical calculation and computation of a technical nature.

"3. The third cause of action is for an alleged leakage of gas, and involves technical evidence similar to that required by the first and second causes of action."

Plaintiff made timely objection to this motion and the order of reference, made timely and proper application to have it set aside, claimed her constitutional right to a jury trial, but all to no avail. She therefore invokes the jurisdiction of this court for the only adequate redress available to her—our prerogative writ of mandamus to require the respondent to grant her a jury trial.

What sort of an action did plaintiff state? Surely it was one justiciable at common law. Common counts were stated therein. It was not essentially an action for an accounting, although defendants chose to ascribe that character to it in their motion for a reference. The substance of the pleadings, not the label designated by the pleader, determines the character of an action. (*Lapham v. Oil and Gas Co.*, 87 Kan. 65, 123 Pac. 863; *Boam v. Cohen*, 94 Kan. 42, 145 Pac. 559.) When a cause is properly justiciable before a jury such a trial may not be denied without the assent of parties. (Kansas Bill of Rights, §§ 5, 18; *Kimball and others v. Connor, Starks and others*, 3 Kan. 414; *Atchison Street Rly. Co. v. Mo. Pac. Rly. Co.*, 31 Kan. 660, syl. ¶ 1, 3 Pac. 284; 34 Cyc. 778, 779; 23 R. C. L. 288.) So far as the code of civil procedure attempts to govern this subject, its provisions (R. S. 60-2903, 60-2923) must be read and construed in the light of our constitutional guaranty of jury trial where such trial is demandable as a matter of right; and a compulsory reference in derogation of such right can receive no countenance by this court, charged as it is with the solemn and responsible duty of supervising the administration of justice in all the courts of this state.

It is not enough to justify a compulsory reference that a jury trial would be protracted and tedious, or that a mass of technical or complicated facts constitute the evidence. While these conditions might make a reference desirable (23 R. C. L. 284), it could only be had by assent of parties. In *Andrus and another v. Home Ins. Co. of New York*, 73 Wis. 642, 3 L. R. A. 271, the action was on a policy of insurance covering a stock of drugs, paints, oils, medicines, stationery, books, wall paper and other miscellaneous merchandise.

There had been a total loss by fire. The motion for compulsory reference was founded on affidavits showing that it would be necessary to examine bills of sale, inventories or accounts consisting of 1,200 or 1,500 items to ascertain the loss of the insured. The court held that it was not a case for compulsory reference. In part, it was said:

"Does such a case come within the statute authorizing the court, without the consent of the parties, to direct a reference on the ground that the trial of the issue requires the examination of a long account on either side, within the meaning of section 2864, Revised Statutes [of 1878]? It seems to us it does not. Though the examination of numerous items may be necessary to ascertain the amount of damages, yet that does not involve, directly, the examination of a long account. The value of the property destroyed is only collaterally involved as affecting the measure of damages. . . .

"Substantially the same ruling was made in *Camp v. Ingersoll*, 86 N. Y. 433, which was an action upon an award for the failure of the defendants to deliver certain stock; and it was insisted that to ascertain the value of the stock the examination of a long account would be necessary.

"But the court say 'though the examination of numerous items of damages may be involved, they do not constitute an account, technically and properly speaking, between the parties.'

"An account implies dealings and transactions between the parties; and where the action is based upon such an account which has to be examined and investigated in order to settle the rights of the parties, a reference can be made. But it is where the action is based upon the account itself, that a compulsory reference can be made. But it does not follow because a variety of items has to be examined to ascertain the amount of damages recoverable, that the same rule obtains. There the examination of the account is merely an incidental matter, not the main issue in the cause." (p. 643.)

(See, also, notes in 25 L. R. A. 67 *et seq.;* 13 L. R. A., n. s., 146, 147; and 23 R. C. L. 289, 290.)

Counsel for respondent rely upon the case of *Culbertson v. Cement Co.,* 87 Kan. 529, 125 Pac. 81, to justify the order of reference. In that case plaintiff did not even know what he was entitled to until a long and involved accounting should first be taken of gas drawn from under his land through gas wells on adjacent lands. It is hardly possible to discover an analogy between that case and the one at bar.

Counsel remind us that compulsory reference was in force in this Kansas territory prior to the adoption of the constitution, and that the guaranty of jury trial does not extend to cases not so triable at the time the constitution was adopted. Quite true. But as we have seen, plaintiff's action is one on common counts, and neither in our

territorial era, nor before nor since, has such an action been triable without a jury except by consent of parties. (23 R. C. L. 286, 287.)

It seems, also, that where a jury trial is demandable as a matter of right and that right is withheld, mandamus may properly be invoked. In this case, that point is not disputed. But see, *Ex Parte Simons*, 247 U. S. 231, 62 L. Ed. 231; *McKee et al. v. DeGraffenreid et seq.*, 33 Okla. 136; *Nichols v. Cherry*, 22 Utah, 1; *State, ex rel., v. Hart*, 26 Utah, 229.

The foregoing necessarily disposes of the legal questions presented. This action in some respects is like the familiar one where mandamus is invoked against state officers and official boards who decline to perform some duty from no unworthy motive, but merely to lay the ground for a speedy and authoritative decision of this court to guide their official conduct. Judgment frequently goes against them, but the formality of issuing a writ is dispensed with. And under our practice the same is or may be true where the duty of a district judge is drawn in question, although the determination of the legal question may similarly require the entry of judgment against him. In *Bishop v. Fischer*, 94 Kan. 105, 145 Pac. 890, where mandamus was sought against a district judge, this court settled the controverted question of law adversely to the view held by the respondent, but concluded thus:

"The judge of the district court acted candidly and conscientiously. . . . Under these circumstances the present order will be that if the order of the district court be set aside within ten days from the filing of this opinion, this proceeding will be dismissed without costs, which are practically nominal, to either party." (p. 115.)

We think a similar disposition should be made of the present proceeding. If the order of reference be set aside within ten days of the filing of this opinion and an order granting a jury trial be awarded, this proceeding will be dismissed without costs to either party.

It is so ordered.