LOUIS LERNER, RELATOR, v. ROBERT J. McDERMOTT ET AL., RESPONDENTS.

Submitted October 14, 1932—Decided February 25, 1933.

Before Justices BODINE and DONGES.

For the relator, *Heller & Boss*.

For the respondents, *Jack Altshuler*.

PER CURIAM.

This case is before this court upon a return to an alternative writ of *mandamus*. Relator seeks to compel the judge and clerk of the First District Court of Paterson to call a jury for the determination of a case in which he is defendant.

It appears that one Smillie brought an action against the relator in said court. Neither party demanded a trial by jury so the court sat as trier of the facts and law. Judgment was given for the plaintiff. Upon defendant's appeal, this court reversed and ordered a new trial. Defendant then demanded a jury, filing his notice and deposit. Upon plaintiff's motion to strike out the demand, the court refused to order a jury summoned. Relator seeks to compel this by *mandamus*.

It is contended that *mandamus* will not lie. While it is true that the action of the District Court judge could be reviewed in this particular upon appeal, yet it appears that the act sought to be compelled is purely ministerial, provided

relator is entitled to have it done, and it is proper to be accomplished by the writ of *mandamus*.

The question of whether or not a party to a District Court action may demand a jury upon a retrial when none was had upon the first trial is a novel one since the act was amended to read as at present. In *Kearns* v. *Simpson*, 83 *N. J. L.* 221; 83 *Atl. Rep.* 774, the Supreme Court held a jury could not be demanded at the second trial. At the time of that decision the act required that a jury be demanded one day before the return day of the summons, and an examination of the opinion reveals that the ground of the decision was that a demand made after the first trial was necessarily after one day before the return day and therefore out of time. It was held in that case that the parties had no rights in the second trial not enjoyed at the first trial, and that unless a party was entitled to a jury for the first trial, he was not entitled to it for the second trial. The act now provides that the demand must be made "two days before the time fixed for the trial." Respondents say this means the original trial and relator says it refers to any trial of the cause.

We conclude that when the relator failed to demand a jury two days before the first trial, he waived trial by jury not merely for the first trial, but for all steps taken in the litigation up to final judgment, including subsequent trials, if any. To hold otherwise would give a party a chance to speculate, first with the judge, and having lost there and obtained a new trial for legal error (as must have been the case) then to have a chance to get a different result from a jury on the factual phase of the case. Such speculation should not be permitted.

The writ will be dismissed, with costs.