No. 32,022

Edith V. Sawyer, I. V. Sawyer and Grace B. Sawyer, *Plaintiffs*, v. C. W. Ryan, as Judge of the District Court of the Twenty-second District, *Defendant*.

(41 P. 2d 740)

Opinion filed March 9, 1935.

*F. M. Pearl, Roy V. Nelson,* both of Hiawatha, and *Charles Rooney,* of Topeka, for the plaintiffs.

*Walker F. Means* and *Lloyd S. Miller,* both of Hiawatha, for the defendant.

*George W. Groves* and *O. W. Watkins,* both of St. Joseph, Mo., for L. E. Helvern, Trustee.

The opinion of the court was delivered by

Harvey, J.: This is an original proceeding in mandamus to compel a district judge to grant a jury trial in an action pending in the district court of Brown county wherein L. E. Helvern, trustee in bankruptcy of the estate of Cyrus H. Sawyer, a bankrupt, is plaintiff and I. V. Sawyer, Grace B. Sawyer and Edith V. Sawyer (the plaintiffs in this proceeding) are defendants. The sole question before us is whether plaintiffs here (defendants in the action in Brown county) are entitled to a jury trial as a matter of right. That depends upon the issues raised by the pleadings in the Brown county action. (*Boam v. Cohen,* 94 Kan. 42, 145 Pac. 559.)

While mandamus by this court is a remedy which may be invoked to require a trial court to grant a jury trial in a proper case (see *Estey v. Holdren,* 126 Kan. 385, 389, 267 Pac. 1098, where it was used, though the point was not disputed), obviously it is a remedy which should not be invoked unless it is at least reasonably clear the party complaining is entitled to a jury trial as a matter of right. To use it in every case where a party's request for a jury trial is refused would increase the cost and unnecessarily delay the orderly administration of justice. One denied a jury trial may preserve the

question and raise it on appeal, if necessary. (*Humphreys v. Commerce Trust Co.*, 128 Kan. 600, 278 Pac. 736.)

In the action in Brown county the petition, briefly stated, alleged the bankruptcy of Cyrus H. Sawyer; the appointment of L. E. Helvern as trustee in bankruptcy; that in March, 1930, I. V. Sawyer and Grace B. Sawyer, for value received, executed their note to Cyrus H. Sawyer for $2,000 and secured the same by a chattel mortgage on certain live stock and farm implements; that in March, 1932, the makers and payee of that note and mortgage and Edith V. Sawyer, with the wrongful and unlawful purpose of cheating, hindering, delaying and defrauding the creditors of Cyrus H. Sawyer, fraudulently caused a note and chattel mortgage on the same property to be executed by I. V. Sawyer and Grace B. Sawyer to Edith V. Sawyer for the sum of $2,000; that Cyrus H. Sawyer then released of record the chattel mortgage first above mentioned. It further was alleged that there was no consideration for the mortgage last given, and that Edith V. Sawyer had no interest in or lien upon the property described therein. The action sought to set aside that mortgage; in effect to reinstate the earlier one, and to foreclose it as against the property therein described. The answer of defendants denied the allegations of plaintiff's petition respecting the fraudulent execution of the mortgage to Edith V. Sawyer and pleaded a number of facts relative to the transaction. An appropriate reply was filed.

From the pleadings it is clear that plaintiff sued for the benefit of the creditors of the bankrupt. (U. S. C. A., Title 11, § 110 (e), and see *McCarthy v. McKenna*, ante, p. 267, 40 P. 2d 401.) The gist of the action was to set aside an alleged fraudulent note and mortgage, to have reinstated an alleged valid mortgage, and to foreclose it. The suit is in the nature of a creditor's bill, clearly equitable in character. The parties are not entitled to a jury trial as a matter of right. (*Culp v. Mulvane*, 66 Kan. 143, 71 Pac. 273.)

The writ of mandamus prayed for is denied.