No. 34,538

EVERETT G. McCALESTER, *Appellee*, v. THE NATIONAL RESERVE LIFE INSURANCE COMPANY, *Appellant.*

(99 P. 2d 758)

Opinion filed March 9, 1940.

*Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson, Ralph W. Oman,* all of Topeka, and *George F. Beezley,* of Girard, for the appellant.

*F. B. Wheeler* and *A. H. Carl,* both of Pittsburg, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This action was for commissions under an insurance agency contract. Plaintiff recovered judgment. Defendant appeals.

On July 28, 1933, the defendant insurance company and the

plaintiff entered into a written agreement whereby the defendant company appointed the plaintiff district manager of defendant company "for territory comprised of Pittsburg and Crawford, Cherokee, Labette and Bourbon counties," and on the same date the parties entered into a separate written agreement designated as an amendment.

On August 16, 1933, the defendant company executed a written contract with one Mark Pinkston, whereby Pinkston was made general agent for defendant company in Bourbon county. The chief question in this lawsuit is whether the plaintiff is entitled to an "overwriting" commission on the business written by Pinkston under his contract as general agent.

The contract with the plaintiff was to continue for an indefinite period, but the company reserved the right to terminate the agreement in case plaintiff violated any provisions of the contract, or acted as agent for any other insurance company, or engaged in any other business, or in case plaintiff was guilty of any dishonest or fraudulent act, or in case of his failure to account for at the specified times and pay over all moneys due from him to the company.

Under the agreement plaintiff agreed to devote his whole time to his duties, and the commission he was to receive was specified. Under paragraph 12 it was provided that "on business written with another co-representative the application must be signed by both in order to receive credit for business written."

The amendment to the agreement, executed on the same date, provided:

"It being to the mutual interest of both parties hereto that the territory covered by this memorandum of agreement be developed and as second party agrees to develop such territory, contracting with new agents, instructing them in the business, doing joint field work with them, and to produce from this agency at least $100,000 of paid-for business within each calendar year, the first party agrees to allow to the second party an extra commission on first year's premiums on accepted and paid-for business as an allowance to cover any and all expenses incurred by the second party.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"This stipulation, known as amendment number two (2), together with the memorandum of agreement, to which this document is made as a supplement, shall constitute the entire agreement and understanding between first and second parties, the former retaining the privilege of modification of this or other agreements. This amendment modifies or changes only such articles in the memorandum of agreement as are specifically mentioned herein."

On March 15, 1938, the defendant wrote plaintiff as follows:

"This letter is to advise you of the cancellation of your contract dated the 28th day of July, 1933. It is too bad that you have forced us to do this.

"We are also notifying the Insurance Department to cancel your license, giving as reason the fact that you are holding trust funds that belong to the company. We herewith make a demand on you for those trust funds."

The petition, after a portion of defendant's motion to make definite and certain had been sustained, alleged the contract between plaintiff and defendant dated July 28, 1933; alleged that plaintiff entered upon his duties under the contract and faithfully performed every term and condition thereof; that the contract gave him "exclusive" rights in the territory named; that defendant "breached" the contract by installing Mark Pinkston, without the knowledge of plaintiff, in the Bourbon county territory and in violation of the contract with plaintiff; that soon after plaintiff discovered Pinkston was writing in his territory, he, by various means, protested to the defendant, through several of its representatives, and that he was promised by Earle M. Moore that defendant would make an accounting to plaintiff for the business Pinkston wrote. It is also alleged that no such accounting was made; that plaintiff was, on March 15, 1938, informed by the president of the company that he was holding trust funds belonging to the company and that his agency contract had been canceled and the Insurance Department of the state of Kansas requested to cancel his license. It is alleged that these statements were untrue; that the plaintiff was damaged by the wrongful action of the company in canceling his contract. Plaintiff asked judgment for $10,000.

The defendant in its answer admitted the execution of a contract with plaintiff, denied the breach of the contract by defendant and the violation of any of its terms; alleged that plaintiff by his own actions breached the contract and violated the terms thereof, and that by reason of the breach by the plaintiff, his agency contract and agreements with defendant were canceled on March 15, 1938. Defendant denied that the appointment of Mark Pinkston as agent in Bourbon county was a violation of the contract between plaintiff and defendant, and denied any promises were made to plaintiff of an accounting to him upon business written by Pinkston. It is specifically denied that plaintiff was in any way damaged by the actions of defendant or entitled to recover any sum whatsoever from defendant by way of damages or otherwise.

In the cross petition, defendant set up particularly paragraphs 6 and 17 of the agency contract with plaintiff, and alleged that prior to the discharge of plaintiff he had made collections from applicants for insurance of sums of money for premiums, which sums belonged to defendant, and plaintiff failed, neglected and refused to remit them; that defendant had made numerous demands upon plaintiff, to no avail, and that defendant should have judgment against plaintiff for these sums. A reply was filed in which plaintiff denied he owed defendant any sum of money.

Upon the issues thus framed a trial was had before a jury. The defendant objected to the introduction of evidence because of misjoinder of causes of action, fraud and action on contract. The court sustained the objection as to the element of fraud, and the trial proceeded on plaintiff's right of recovery under the contract. The jury returned a general verdict in favor of the plaintiff in the sum of $1,-485.37. The jury returned answers to special questions as follows:

"1. Did the plaintiff instruct Mark Pinkston in the business of insurance or do any field work with him or assist in any way in procuring any policies in Bourbon county? A. No.

"2. Did plaintiff sign any of the applications for insurance which were submitted to the defendant by Mark Pinkston? A. No.

"3. Did the plaintiff act as the agent for any other life insurance company during the period from July 28, 1933, to March 15, 1938? A. Yes.

"4. At the time of the cancellation of plaintiff's contract, did the plaintiff owe the defendant any sum for trust funds in his possession? A. Yes.

"5. If question No. 4 is answered 'Yes,' have you made allowance for this sum in the amount specified in your verdict? A. Yes."

The defendant filed a motion for a new trial and a motion for judgment notwithstanding the verdict. These motions were overruled and judgment was entered on the verdict in favor of the plaintiff. The appeal is from rulings and orders of the court in overruling these motions and in rendering judgment in favor of the plaintiff instead of the defendant.

On this appeal defendant argues that the action is one in equity for an accounting, and that it was error to submit the evidence offered by plaintiff to the jury. The point is not well taken. Where the account to be examined is incidental to the action on the contract, a party to the action is entitled to a jury trial as of right. The nature of the action, whether legal or equitable, is determined by the pleadings. (*Estey v. Holdren,* 126 Kan. 385, 267 Pac. 1098; *Hasty v. Pierpont,* 146 Kan. 517, 521, 72 P. 2d 69.)

Defendant directs our attention to the special findings of the jury, contends they are inconsistent with the general verdict, and that he was entitled to judgment *non obstante veredicto*.

In answer to the special questions the jury found that the plaintiff did not instruct Mark Pinkston in the business of insurance, that he did not do any field work with Pinkston, or assist him in any way in procuring any policies in Bourbon county.

In the amendment to the contract, above quoted, these were the specific things plaintiff agreed to do in order to entitle the plaintiff to the extra commission on the business written by agents in the territory. The answer of the jury to question one was a finding that the plaintiff had not performed the conditions precedent which entitled him to the commission on the policies of Pinkston.

Under paragraph two of the contract, plaintiff agreed "to devote his whole time to the performance of his duties" and under paragraph seventeen, if plaintiff should act as agent of any other life insurance company, the defendant company had a right to terminate his agency contract. In answer to question three, the jury found the plaintiff during the term of his contract did act as agent for other life insurance companies.

The answers to the special questions are to be read in the light of the provisions of the contract and the testimony in the case. When so considered it must be held that these answers are inconsistent with the general verdict.

Under our statute, G. S. 1935, 60-2918, when the special findings of fact are inconsistent with the general verdict, the former controls the latter and the court may give judgment accordingly. (See *Dye v. Rule,* 138 Kan. 808, 28 P. 2d 758; *Hiler v. Cameron,* 144 Kan. 296, 59 P. 2d 30; *Jones v. A., T. & S. F. Rly. Co.,* 148 Kan. 686, 85 P. 2d 15.) The answers to the special questions being clearly inconsistent with the general verdict, the justment must be reversed and remanded with directions to enter judgment for defendant. It is so ordered.