Strafford,
Dec. 7, 1948. } No. 3765.

M. J. MURPHY & SONS, INC. *v*. FELIX P. PETERS.

*Hughes & Burns (Mr. Donald R. Bryant* orally), for the plaintiff.

*William H. Sleeper, Noel D. Bromley* and *Robert Shaw (Mr. Shaw* orally), for the defendant.

KENISON, J. The right to a trial by jury in civil causes "except in cases in which it has been heretofore otherwise used and practiced . . . shall be held sacred." N. H. Const. Part I, *Art*, 20th. While there was some conflict in the earlier cases, it became settled law in *Daley* v. *Kennett*, 75 N. H. 536, 539, that the complexity of a case alone was not sufficient reason for refusing the jury trial guaranteed by the Constitution: "At common law and in ordinary actions, the right to a jury trial was absolute. In equity there was jurisdiction in matters of accounts if it appeared that the case could not be intelligently tried by jury. But there was no such equitable jurisdiction in actions sounding in tort, where the sole complaint was that the defendant had converted chattels, and damages alone were asked as a remedy." In the present case the detailed specifications indicate that an accounting in equity is neither sought nor necessary. The tort of the alleged conversion is waived and the common law action of assumpsit seeking damages alone is substituted. The result is the same whether the action is trover or assumpsit. The procedural tag used is not determinative. "The nature of the case and of the relief sought must be looked to for the settlement of the constitutional question." *Daley* v. *Kennett, supra*, 540. The reasoning of this case was reaffirmed in *Douglas* v. *Company*, 81 N. H. 371, 374. See also, *Cavanaugh* v. *Barnard*, 83 N. H. 370, 373.

If this were in effect a suit for accounting, whether instituted by an action of assumpsit (*Sargent* v. *Putnam*, 58 N. H. 182) or a bill in equity (*Berry* v. *Whidden*, 62 N. H. 473, 476), it could be committed to an auditor (R. L., c. 395, s. 1) or a referee without the consent of the parties because they "are not, as matter of right, entitled to a trial by jury." R. L., c. 395, s. 9; *Low* v. *Society*, 67 N. H. 488. However it appears from the nature of this case and the relief sought that

accounting and discovery is not required to determine the extent of the damages claimed. This proceeding is one triable by jury at common law when our Constitution was adopted and *Art.* 20th preserves that right today. It does not involve a common law accounting or a controverted equity so as to bring it within the exception in *Art.* 20th "in cases in which it has been heretofore otherwise used and practiced." The present case may be contrasted with *Dondero* v. *Ferranti,* 90 N. H. 554, where the court allowed the amendment of "a common-law action of tort for embezzling funds and securities . . . [to] a bill in equity for an accounting." It was held to be proper even though one party lost the right of a jury trial of the action at law. The rule thus operates both ways.

The ruling of the Trial Court that the plaintiff is entitled to a jury trial was correct. But logically and as a matter of common sense it should not necessarily follow that a complicated and involved case must be submitted to a jury in a manner which it could not clearly understand and comprehend. This was ably demonstrated by Mr. Justice *Brandeis* in *Ex parte Peterson,* 253 U. S. 300, 309, 310: "The command of the Seventh Amendment that 'the right of trial by jury shall be preserved' does not require that old forms of practice and procedure be retained. . . . It does not prohibit the introduction of new methods for determining what facts are actually in issue, nor does it prohibit the introduction of new rules of evidence. Changes in these may be made. New devices may be used to adopt the ancient institution to present needs and to make of it an efficient instrument in the administration of justice. Indeed, such changes are essential to the preservation of the right. The limitation imposed by the Amendment is merely that the enjoyment of the right of trial by jury be not obstructed, and that the ultimate determination of issues of fact by the jury be not interfered with." Accordingly the Trial Court was held empowered to refer an action of law with many items of claims and counterclaims to an auditor to simplify and clarify the issues and make a tentative report of his findings for the more intelligent consideration of the case for ultimate decision by court and jury. 9 Wig. Ev. (3d *ed.*), s. 2484, *p.* 269.

A similiar procedure of reference to an auditor prior to a jury trial exists in this state (R. L., *c.* 395, *ss.* 1, 7, 8) but it is limited to accounts and accounting in which there is no constitutional right to trial by jury. It has been considered constitutional in early cases on this limited basis. *Doyle* v. *Doyle,* 56 N. H. 567; *Perkins* v. *Scott,* 57 N. H. 55. Since this is not properly an action for accounting, but one

sounding in tort, the auditor statute cases have no application. Since there is a constitutional right to jury trial, the referee statue (R. L., c. 395, s. 9) likewise is inapplicable.

Whether our auditor statute should be broadened to include preliminary reference, in the discretion of the Trial Court, of all complicated and intricate matters not clearly comprehensible to a jury, involves questions of policy. It is not improbable that the bar would have taken some action, if deemed desirable, through the judicial council (R. L., c. 381-A, s. 3 (d) or the Legislature were it not for the divided opinion in *King* v. *Hopkins*, 57 N. H. 334, decided in 1876. The majority view in that case has been subsequently considered labored and erroneous (4 Wig. Ev., 3d *ed.*, s. 1356, *p.* 730), and has been questioned in the jurisdiction from which the reference statute was substantially copied. *Holmes* v. *Hunt*, 122 Mass. 505. The latter case and *Ex parte Peterson*, 253 U. S. 300, form the basis for Rule 53 of the Federal Rules of Civil Procedure. 3 F. R. D. 184; 5 Wig. Ev. (3d, *ed.*), s. 1672, *p.* 700, 701. The present statutes regulating references to auditors and referees show the indelible marks of the *King* case. To what extent they can and should be changed is not before us in this case.

While the present case may not be affected by future changes in reference procedures or by their absence, the stated evil of submitting complicated matters to a jury which they may not clearly comprehend can be avoided if counsel utilize the full benefits of pre-trial procedure. Superior Court Rule 48 (a) (1), (5) 93 N. H. appendix; *Krook* v. *Blomberg, ante,* 170.

*Exception overruled.*

All concurred.