**267 P.2d 113**

**FARMER**

v.

**LOOFBOURROW, District Judge.**

No. 8090.

Supreme Court of Idaho.

Feb. 16, 1954.

90

Anderson & Anderson, Pocatello, for appellant.

Gee & Hargraves, Pocatello, for respondent.

THOMAS, Justice.

This is an original proceeding in this court for a writ of prohibition to restrain respondent from setting down for trial before the court without a jury the case of Paul Albert Desfosses, doing business under the firm name and style of Paul's Plumbing & Heating, Plaintiff, v. R. M. Farmer, also known as Roland M. Farmer and Bertha G. Farmer, his wife, Defendants, and for writ of mandate to compel said respondent, as District Judge of the District Court of the Fifth Judicial District in and for the County of Bannock, to grant applicant a trial by jury.

This controversy arises out of the following proceedings had in connection with the setting of the case for trial.

Paul Albert Desfosses, doing business under the firm name and style of Paul's Plumbing & Heating, instituted an action against applicant and his wife, seeking recovery of $4511 for labor and work performed and materials allegedly furnished to applicant under several building contracts.

O. R. Baum, Ruby Y. Brown, and R. Max Whittier, Pocatello, for plaintiff in the District Court and interested parties herein.

There is attached to the complaint as an exhibit a recapitulation sheet purportedly setting forth the numerous charges made

and the credits given under the contracts. Applicant filed an answer to the complaint denying indebtedness on the contracts in any sum in excess of $1378 which under the pleadings he offered to pay in full settlement of the alleged claim; additionally, applicant in his answer alleged the installation of material of inferior quality and some fixtures which were damaged and not of the grade specified in the contracts, and otherwise sought damages with respect to several alleged negligent and careless breaches of the contracts in connection with the quality of certain materials furnished and fixtures installed. He asked that an accounting be had and that he be given credit for all damages sustained occasioned by the negligent manner in which some of the plumbing was installed, as well as credit for inferior material furnished, and that whatever balance there might be should be ascertained and judgment be entered for a sum not in excess of $1378 in full payment of his obligations under said contracts.

It is the contention of respondent that applicant has mistaken his remedy and that the appropriate method to raise the issue of whether or not he is entitled to a jury trial is by writ of review and not by writ of mandate or writ of prohibition. With this contention we cannot agree.

The denial of the right of trial by jury in a case where such right exists under the constitution or statute would result in the court exceeding its jurisdiction, Knight v. Superior Court, 95 Cal.App.2d 838, 214 P.2d 21; prohibition lies to prevent the court from exceeding its jurisdiction in this respect, Williams v. Weirich, 74 W.Va. 47, 81 S.E. 560; moreover, where a party is entitled to a jury trial as a matter of right and it is being withheld from him, mandamus may be invoked, Cloonan v. Goodrich, 161 Kan. 280, 167 P.2d 303; In re Simons, 247 U.S. 231, 38 S.Ct. 497, 62 L.Ed. 1094; McKee v. De Graffenreid, 33 Okl. 136, 124 P. 303; State ex rel. Nichols v. Cherry, 22 Utah 1, 60 P. 1103; State ex rel. Hansen v. Hart, 26 Utah 229, 72 P. 938; Brown v. Buck, Kalamazoo Circuit Judge, 75 Mich. 274, 42 N.W. 827, 5 L.R.A. 226, 13 Am.St.Rep. 438; moreover, this is so even though his refusal to do so is reversible on appeal, Lerner v. McDermott, 164 A. 864, 11 N.J.Misc. 99.

If this is an action in which applicant is entitled to a trial by jury and such right has not been waived in conformance with the provisions of the statute, Sec. 10–301, I.C., then it is obvious that the right to a writ of prohibition is available irrespective of any right of appeal or review or other remedy, Lake O'Woods Club v. Wilhelm, 126 W.Va. 447, 28 S.E.2d 915; certainly neither party who is entitled to a jury trial in such instances should be burdened with the difficulties, expense and delay, and the courts with the inconvenience, which would arise in thereafter reversing the cause and remanding it for trial before a jury. Such procedure would do violence to impartial and expeditious administration of justice

92

and the constitutional guarantee of the right to trial by jury by all litigants.

Applicant's next contention is that the court erred in denying his demand for a jury trial. Such contention is predicated upon the theory that the action is one at law and he is entitled to jury trial under Art. 1, Sec. 7, Constitution of the State of Idaho, unless he waives such as provided under the statute, Sec. 10–301, I.C.; that he did not waive a jury trial. On the other hand, respondent contends that applicant's defense wherein he seeks an accounting is primarily and principally an equity matter and hence he is not entitled to a trial by jury as a matter of right; additionally, respondent urges that in any event applicant waived his right to trial by jury.

▇ In this connection it is strenuously urged that applicant, having asked for an accounting which is an equitable proceedings, is not entitled to a jury trial. We do not agree with this contention. The action is for the recovery of an alleged balance for work and labor performed and material furnished under several contracts. The primary right which the plaintiff in the action asserts is purely a legal right which allegedly arises out of the failure to perform the contracts and the money judgment sought to be recovered is one for debt; the examination of the account is incidental to the action on and the defenses under the contract.

▇ The rule in this respect is well set forth in Pomeroy's Equity Jurisprudence, 4th Ed., § 178, and the notes therein, as follows:

"* * * Even when the cause of action, based upon a legal right, does involve or present, or is connected with, some particular feature or incident of the same kind as those over which the concurrent jurisdiction ordinarily extends, such as fraud, accounting, and the like, still, if the legal remedy by action and pecuniary judgment for debt or damages would be complete, sufficient, and certain—that is, would do full justice to the litigant parties—in the particular case, the concurrent jurisdiction of equity does not extend to such case. For example, whenever an action at law will furnish an adequate remedy, equity does not assume jurisdiction because an *accounting is demanded or needed*; nor because the case involves or arises from fraud; nor because a contribution is sought from persons jointly indebted; nor even to recover money held in trust, where an action for money had and received will lie." (Emphasis supplied)

See also McShane v. Quillin, 47 Idaho 542 at page 549, 277 P. 554; Mortimer v. Loynes, Cal.App., 162 P.2d 479; McCalester v. National Reserve Life Ins. Co., 151 Kan. 378, 99 P.2d 758; 50 C.J.S., Juries, § 27, pp. 741–742.

In such instances even though the account is so long that the trial may be protracted and tedious, and volumes of technical and complicated facts may constitute a part of the evidence, a trial by jury must not be denied either party; while under such a situation it perhaps would be desirable that it be tried before the court and that the parties agree to a reference yet without the assent of both parties the right of a jury trial under such conditions may not be denied. Cloonan v. Goodrich, 161 Kan. 280, 167 P.2d 303; Estey v. Holdren, 126 Kan., 385, 267 P. 1098; Nordeen v. Buck, 79 Minn. 352, 82 N.W. 644; Murphy & Sons v. Peters, 95 N.H. 275, 62 A.2d 718; Kilgore v. Farmers Union Oil Co., 74 N.D. 640, 24 N.W.2d 26; Chapman v. Lee, 45 Ohio St. 356, 13 N.E. 736. See also Russell v. Alt, 12 Idaho 789, 88 P. 416, 13 L.R.A.,N.S., 146; Sec. 10-105, I.C.

Finally, it is urged that applicant waived his right to trial by jury

That the constitutional or statutory right to trial by jury in civil actions may be waived by the litigants is quite generally recognized and is often, as in Idaho, provided for by statute. Sec. 10-301, I.C., in pertinent part, provides as follows:

"Trial by jury may be waived by the several parties to an issue of fact in actions arising on contract, * * * with or without damages, * * * in the manner following:

"1. By failing to appear at the trial.

"2. By written consent, in person or by attorney, filed with the clerk.

"3. By oral consent, in open court, entered in the minutes."

There is no contention here that a jury trial was waived by failing to appear at the trial or by written consent, filed with the clerk; it is urged that such waiver was by oral request, in open court, which was not entered in the minutes, and also by a course of conduct after such oral request which constituted repeated waivers.

This necessitates an examination of the showing made in support of such contention. Mr. Gee, one of counsel for plaintiff in the action, executed and submitted to this court his affidavit. He set forth therein that when the case was called for jury trial on February 11, 1952, before the late Honorable Isaac McDougall, District Judge, the applicant, through his then attorney who is not his attorney in these proceedings, asked that the case be tried before the court, to which counsel for plaintiff agreed, and the court thereupon dismissed the jury and granted the parties an opportunity to discuss a settlement; that these proceedings were not entered in the minutes but were entirely oral; subsequent court minutes of Honorable W. C. Loofbourrow, successor of the late Judge McDougall on May 8, 1953 set the case for trial without a jury for May 26, 1953; that on August 31, 1953 the case appearing on the jury calendar, plaintiff moved that it be stricken therefrom and placed on the court calendar,

94

plaintiff expressly waiving a jury trial; this motion was granted and the case reset for trial before the court, without a jury, for October 6, 1953; on October 7, 1953 the parties through counsel in open court, entered into a stipulation that in the event defendant paid to plaintiff the sum of $3100 within thirty days the complaint and the counterclaim would be dismissed, otherwise the case would be set down for trial.

The minutes nowhere set forth any reason why the case was set for trial by the court or whether the applicant resisted or acquiesced therein; thereafter and on November 16, 1953 present counsel for applicant filed and served a written demand for a jury trial which was denied.

 The oral consent allegedly made in open court to waive a jury trial was never entered in the minutes as required by Sec. 10–301, I.C.; respondent makes no contention otherwise but seeks to set up court minutes by the affidavit of his counsel; this cannot be done as district courts can speak only through their records. It follows that the affidavit will not be considered.

We cannot agree that proceedings subsequent to May 8, 1953 and entered in the court minutes affirmatively disclose repeated waivers, or any waiver, of trial by jury. We will not in such a doubtful case imply a waiver. Neal v. Drainage Dist. No. 2, 42 Idaho 624, 248 P. 22; 50 C.J.S., Juries, § 90, p. 797.

It affirmatively appears that claimant made a written demand for a jury trial before any trial was commenced. We will not indulge in any presumption that a litigant has waived such a fundamental right. Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 57 S.Ct. 809, 81 L.Ed. 1177. See also 31 Am.Jur., Jury, § 47, p. 592; 50 C.J.S., Juries, § 110, p. 821.

From the conclusions reached herein the alternative writ of prohibition and the alternative writ of mandate must be and are hereby made permanent.

No costs.

PORTER, C. J., and GIVENS, TAYLOR and KEETON, JJ., concur.