AMOS S. LAPHAM et al., Partners, etc., *Appellees*, v.
THE KANSAS & TEXAS OIL, GAS & PIPE LINE COM-
PANY, *Appellant*.

No. 17,528.

SYLLABUS BY THE COURT.

1. PLEADINGS—*Accounts—Jury Demanded—Reference Ordered.*
At the commencement of this trial the court, by a motion to
refer, was required to determine, over the objection of one
party, whether the motion should be allowed or a jury trial
awarded. *Held,* that the pleadings are determinative of the
question, and that no error was committed in sustaining the
motion to refer.

2. —————— *Same.* The claim for services and the forty-seven
items of expenses set forth in the petition, with proper credits
of payments thereon, constitute one account only. The an-
swer challenges the correctness of the charge for services and
of the items of expenses therein, and sets forth thirty-four
items of alleged payments, which, if correct, should have been
included in the account. *Held,* that no mutual accounts were
involved.

3. —————— *Same.* That one party kept one side of the account
and the other party the other side thereof is immaterial in
determining whether there were mutual accounts.

4. —————— *Evidence—Variance.* Upon the trial of this case the
defendant offered evidence of payments claimed to have been
made by it to plaintiffs, other than those set forth in its
itemized statement. *Held,* that the exclusion thereof, in the
absence of a request to amend the answer, was not error.

Appeal from Neosho district court. Opinion filed
May 11, 1912. Affirmed.

*H. P. Farrelly,* and *T. R. Evans,* for the appellant.

*W. R. Cline, J. Q. Stratton,* and *T. F. Morrison,* for
the appellees.

The opinion of the court was delivered by

SMITH, J.: The appellees brought this action in the
district court of Neosho county to recover attorneys'

5—87 KAN.

fees of the appellant for services claimed to have been rendered by them for the appellant from the month of February, 1902, to the 25th day of April, 1908. The issues were joined upon the second amended petition, the answer thereto, and the reply. In this petition they alleged the services were reasonably worth $7000. They also attached an itemized statement of their expenses, alleged to have been incurred in the prosecution of said business, consisting of forty-seven different items, aggregating $370.82, and prayed judgment for $7370.82.

In its answer thereto the appellant admitted the employment of appellees as its attorneys and that there was no contract price for such services; that the appellees had been fully compensated and paid in full therefor, and that the appellant was not indebted to the appellees in any sum. Attached to the answer was an itemized statement of the alleged cash payments containing thirty-four items and aggregating $3516.80. The appellees, in reply, denied the allegations of full payment in the answer. They admitted the receipt of all moneys charged against them in the statement of the appellant except twenty-two items which they specifically set forth and denied.

Upon the case being called for trial the appellees filed a motion to refer it to a referee under the provisions of section 299 of the code, for the following reasons:

"Because under the issues of fact, as joined in said cause the trial of the same will require the examination of mutual accounts between the parties to the action, extending over a period of four or five years and consisting of a large number of various items of debits and credits.

"2nd. Because under the issues of fact joined in said cause the trial of the cause will in all probability require several days' time and consists in hearing the testimony on mutual accounts between the parties consisting of manifold and numerous items and extending over a long period of time and which it would be almost

impossible for a jury, without the aid of notes to remember, and is a case in which a jury will be more liable to be governed by its prejudices than by the testimony in the case.

"3rd. Because said cause is one of that class in which the provisions of said section is intended to apply and not a proper case for trial by a jury; and because said cause can be much better tried before a Referee and the ends of justice be much better subserved by a trial before a Referee or by the Court than by a jury trial."

The appellant objected and demanded a jury trial. The motion was allowed by the court, the appellees excepting thereto. Thereupon it was agreed by the parties that the case should be tried by the court instead of a referee. The appellant then again demanded a trial by jury, which was refused. The case was accordingly tried and the court found in favor of the appellees, and rendered judgment against the appellant in the sum of $1362.50. A motion for a new trial was filed and overruled, and the appellant brings the case here. It makes several assignments of error, but in its brief urges only two; first, that it was error in the court to refuse a trial by jury.

The appellant insists that the case falls within the provisions of section 279 of the civil code, which reads:

"Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code."

The appellant insists also that the case does not come within the provisions of the first subdivision of section 299 of the code, which reads:

"When the parties do not consent, the court or judge may upon the application of either, or of its own motion direct a reference in either of the following cases: First, where the trial of an issue of fact shall

require the examination of mutual accounts, or when the account is long and on one side only, in which case the referee may be directed to hear and report upon the whole issue, or upon any specific question of fact involved therein."

On the other hand, the appellees rely upon this provision of section 299.

That the action is for recovery of money and depends upon an issue of fact is beyond question. The appellant was therefore entitled to a jury trial unless the pleadings show that the determination of the action required the examination of mutual accounts or a long account on one side only. We construe the clause, "or when the account is long and on one side only," used as it is in contradistinction to "mutual accounts," as meaning an account in which there are charges by one party only against the other and as not intended to exclude a long account of charges in favor of one party and credits of payments thereon by the other. If this is the correct interpretation it seems entirely immaterial whether the account is kept exclusively by one party or whether one keeps account of his charges and the other of his payments. In either case it is one account only, and if long will justify a reference under the statute.

On the other hand, "mutual accounts" arise where each party has rendered services or sold articles of property to the other with the express or implied understanding that their respective claims shall, upon settlement, be offset to the extent of the smaller claim. Nor in such case is it material whether both or only one of the parties keep the accounts. The distinction lies in the nature of the transaction or transactions. (21 A. & E. Encycl. of L. 246.) The more usual definition of "mutual accounts" is a reciprocity of dealing, charges and credits on both sides—each party having a cause of action against the other. (Black's Law Dictionary, 2d ed., p. 17; 2 Bouvier's Law Dictionary, p. 461; 1 Cyc. 363; 21 A. & E. Encycl. of L. 245.)

Where one party extends credit to the other and charges the same in an account, and the other party from time to time makes specific payments of items of the account or to apply on specific items thereof, even though each party keeps an account of the transactions, such account is not usually regarded as a mutual account. (5 Words & Phrases, p. 4647; 21 A. & E. Encycl. of L. 247.) Of course, in this case the propriety of the court's ruling is to be determined by what the pleadings showed and not on the facts as developed upon the trial. As we have seen, the petition claimed $7000 in the aggregate for legal services extending over six years, and also $370.80, being the aggregate for forty-seven items of account for expenses.

In defense, by way of offset, the answer set up a statement of cash paid to appellees, containing thirty-four items and aggregating $3616.80. The items, if correct, should have been included in the account as credits to the appellant. It is not contended that they were loans to the appellees but they are claimed as payments on account.

In ordinary commercial transactions an account of forty-seven items would not be regarded as long. In this case the character of the services rendered in different courts, in different localities and in actions involving different amounts, evidently resolves the one charge of $7000 into a long series of items which, if there be added thereto the forty-seven items for expenses and the alleged credits, constitutes a long account. The character of the services admittedly rendered, the amount involved in the several lawsuits and the magnitude of the matters involved in the consultations, as well as the length of the account, characterize it as a case more appropriate for consideration by a skilled referee or a judge than by a jury. We conclude that no error was committed in sustaining the motion to refer.

After the decision on the motion, the parties agreed to try the case to the court instead of to a referee. This did not revive the appellant's right to demand a jury trial. That question had been settled by the decision of the court.

Again, it is contended that the court erred in excluding evidence offered by the appellant. In its answer, the appellant specifically denied that the appellees had expended for and on its behalf the various sums of money set out as expenses, and that if the appellees did pay the various sums set out they had been fully reimbursed therefor and there remained no indebtedness on that account. On the trial the appellant offered evidence tending to show that, outside of the items it had set out as an offset in its answer, it had made payments upon the items of expenses set out in appellees' account, to which objection was made on the ground that it was not within the issues of the case, and the objection was sustained by the court. The appellant had in its answer undertaken to set forth an itemized statement of payments made to the appellees and issue was joined thereon. All payments which it had made to the appellees should have been set forth; the answer purports to contain all such items, and the appellees had a right to rely thereon. Of course, the court in the exercise of its discretion might, on request, have allowed an amendment to the answer, but no such request was made, and under the pleadings the court did not err in excluding evidence of any items not pleaded.

If it be said that this decision does not sustain any of the grounds for a reference which are set forth in the motion therefor, it is a sufficient answer that the court had authority on its own motion to order a reference, and since a sufficient ground existed the order will not be disturbed. These being the only grounds of error presented, we find no error in the proceedings of the court.

The judgment is affirmed.