No. 35,645

Annie Nusz, *Appellee*, v. Reinhardt Nusz, *Appellant*.

(127 P. 2d 441)

Opinion filed July 11, 1942.

*Tom Harley, Jr.,* of Wichita, argued the cause, and *Tom Harley,* of Wichita, was on the briefs for the appellant.

*Joe T. Rogers* and *Roy L. Rogers,* both of Wichita, argued the cause for the appellee.

The opinion of the court was delivered by

Allen, J.: This was an action for a money judgment. Plaintiff prayed the judgment be made a lien on defendant's interest in real estate devised to defendant and that the lien be foreclosed. Plaintiff prevailed, and defendant appeals.

The controversy arose out of the will of Reinhardt Nusz who died February 17, 1937. He left surviving him Annie Nusz, his wife;

Reinhardt Nusz, a son (referred to as Hart Nusz); Katie Nusz, a daughter, also a granddaughter, Leah Nusz. Leah Nusz was the illegitimate daughter of Katie Nusz.

The testator owned about 200 acres of farm land in Sedgwick county, a residence in Wichita, and personal property. The testator bequeathed his personal property to his widow. The dispute arose out of paragraphs 4 and 5 of the will, which provide:

"4. My real estate, which consists of the following, to wit:

(Describes farm property.)

"I hereby give, devise and bequeath unto my beloved wife, Annie Nusz, for and during her natural lifetime only, with remainder over in fee simple at her death unto my son, Hart Nusz.

"5. I hereby give and devise the following described real estate, to wit:

(Describes city property.)

unto my beloved wife, Annie Nusz, for and during her natural lifetime only, with remainder over as follows: Following the death of my beloved wife, my daughter, Katie Nusz, shall have a life estate for and during her natural lifetime only in and to an undivided one-half interest in the real estate described in this item, with remainder over in fee simple at her death unto my son, Hart Nusz. Upon the death of my beloved wife, the remaining one-half interest in the real estate described in this item shall vest in fee simple in my son, Hart Nusz. The undivided one-half interest in fee simple aforesaid and remainder over at the death of my daughter, Katie Nusz, is so left and devised by me unto my son, Hart Nusz, subject to the condition that he shall pay the sum of $100 per year for a period of ten years following my death unto Leah Nusz, daughter of Katie Nusz, or shall pay said sum to such person or persons as shall be providing a home for the said Leah Nusz. In the event that said Leah Nusz shall die prior to the expiration of said ten-year period, then my son, Hart Nusz, shall be relieved from making any further payments at her death, except that if there be a sufficient amount of said payments yet unpaid, he shall pay for her last illness and funeral, but in no event shall the said Hart Nusz be liable beyond the amount of said ten annual payments of $100 each. The devise in this item in favor of my son, Hart Nusz, is subject to the further condition that he shall see that my daughter, Katie Nusz, is provided with a living during her lifetime."

(The daughter Katie Nusz died January 17, 1942, after the filing of the present action.)

The plaintiff is the widow of the testator and was 86 years of age at the date of the trial.

The petition sets out the terms of the will and alleges that the interest devised to Reinhardt Nusz in the real property located in the city of Wichita "was subject to the condition and charge" that Reinhardt Nusz should make the payments to Leah Nusz as stated in the

will or should pay such sums to such persons as would provide a home for her; that Reinhardt failed and neglected to provide a living for Katie; that from February 23, 1937, plaintiff has supported and provided for Katie and Leah Nusz; that a reasonable charge for support, care and maintenance of Katie is $50 per month from the date mentioned until the filing of the petition, amounting to $2,550; that plaintiff is entitled to receive the amount provided in the will for the benefit of Leah Nusz, amounting to $400 with interest. Plaintiff asked judgment for the above stated amounts and prayed the same be declared to be a charge against the above described property, and that upon failure to pay the charges the interest of defendant in the land be sold to pay the charges and for all other proper equitable relief.

The answer of defendant after a general denial, denied that it was the intention of the testator to create a charge on land devised to defendant, or to create a personal liability against defendant; alleged that defendant accepted the devise of the farm property, but denied he ever accepted or made any claim to the city property, and also denied that plaintiff was the real party in interest or was entitled to maintain the action.

This action was tried by the court without a jury. The court made findings of fact and returned conclusions of law. The appeal is from a judgment in favor of plaintiff.

Defendant contends the trial court erred in denying defendant's request for a jury. We think the point is well taken. Our statute G. S. 1935, 60-2903, provides that issues of fact arising in actions for the recovery of money shall be tried by a jury unless a jury trial is waived. The action was for the recovery of money for services rendered by plaintiff to the daughter and granddaughter and falls within the express language of the statute. The issues raised by the pleadings determine the nature of an action, and where the issue is essentially one justiciable at common law a jury trial may be demanded as a matter of right. (*Estey v. Holdren,* 126 Kan. 385, 267 Pac. 1098; *Hasty v. Pierpont,* 146 Kan. 517, 72 P. 2d 69.)

Defendant contends he had the right to accept the devise of the farm property and to renounce the devise of the city property which was charged with an encumbrance in favor of the daughter and granddaughter of the testator. We are unable to agree with this contention. The general rule often announced by this court is that a devisee must either accept or reject the will as written. He can-

not accept its benefits and reject its burdens.   (*Selzer v. Selzer*, 146 Kan. 273, 69 P. 2d 708.)

The difficult question in the case is whether it was the intention of the testator to place a personal liability on the defendant for the annuity due Leah Nusz and the support of Katie Nusz in paragraph 5 of the will, or was the city property in that paragraph alone to be charged with such payments.   If personal liability was fastened on the defendant by his acceptance under the will, then a general judgment against him would subject the farm property to execution under the judgment as well as the city property.

In paragraph 4 the testator devised the farm property to the plaintiff for life with remainder to the defendant.   This was a separate independent gift of the farm property.

Under paragraph 5 the plaintiff Annie Nusz was given a life estate in the city property.   The daughter Katie was given a life estate in an undivided one-half with remainder in fee to the defendant.   Upon the death of the life tenant, Annie Nusz, the remaining one-half interest "in the real estate described in this item" was to go to the defendant.   Paragraph 5 then recites that "the undivided one-half interest in fee simple aforesaid and remainder over at the death of my daughter Katie Nusz" is subject to the charge in favor of Leah. Up to this point it is the city property that was to stand as security for such payments.   No intent is shown to impose a personal liability on the defendant for the amount due Leah.

The last clause in paragraph 5 states that "the devise in this item in favor of my son Hart Nusz" is subject to the further condition that he shall furnish Katie with a living during her lifetime.

When the entire will is examined it seems impossible to escape the conclusion that the testator intended the city property, and not the farm property, was to stand charged with the provisions for the payments to Leah and the support for Katie.   There is not a word in the instrument which suggests the farm property was to be liable in any manner for such payments.   Moreover, the plaintiff Annie Nusz was given a life estate in farm and city properties and was entitled to all of the income from the same during her life.   The defendant was not to receive any income from the properties until the death of the life tenant, and so far as appears from the record, had no income from any other source.

We must conclude it was the purpose of the testator to charge the city property with the payments to Leah and the support of Katie

and not the farm property. The testator specified the city property was to stand as security for the provisions made in favor of his daughter and granddaughter. It was a provision he had a right to make and the court is without power to rewrite the will.

It follows that the judgment for the amount found by the jury if any finding should be made, should be imposed as a specific lien on the city property, and if payment is not made as specified, such property to be sold in satisfaction of such judgment. Any judgment based on such verdict should specify it is not to be a lien on the interest of defendant in any other property.

The judgment is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.