(573 P.2d 1100)
No. 48,764

Mrs. Gerald J. Windholz, *Appellee,* v. Betty Jo Willis, d/b/a Adam & Eve's Hairstyling, *Appellant.*

Opinion filed December 2, 1977.

*R. L. Leslie,* of Hess, Leslie, Berkley and Granger, of Hutchinson, for the appellant.

No appearance for the appellee.

Before Foth, P.J., Parks and Swinehart, JJ.

Foth, J.: This appeal raises the constitutionality of the small claims procedure act (K.S.A. 61-2701 *et seq.*) as it existed from January 10, 1977, until April 27, 1977. The issue arises because during that period neither party to small claims litigation was entitled to appear by or with counsel at any stage during which evidence was introduced, and no trial by jury was obtainable.

This lawsuit was commenced on November 11, 1976, in the former magistrate court of Reno county. In her petition Mrs. Windholz sought out-of-pocket expenses and compensation for inconvenience and embarrassment allegedly caused by a defective permanent wave administered by the defendant's beauty shop. As contemplated by the act, an informal trial to the court was held on December 21, 1976, with no attorney present for either side. During the trial both parties alluded to out-of-court statements made by declarants not present, and a good deal of hearsay was admitted on both sides. The matter was taken under advisement.

On January 18, 1977, the trial judge rendered his decision awarding plaintiff judgment for $100. The order recited that either party could appeal to the district court within ten days and receive a trial de novo. Three days later the order was amended to recite that any appeal would be to this court. Such an appeal was duly taken by the defendant, primarily raising the constitutional issues. We are not concerned with and do not reach the merits of Mrs. Windholz's claim for damages.

A bit of legislative history will explain how the issue comes up and why the trial judge entertained a brief period of confusion. At the time the case was filed and tried the judge presided over the magistrate court of Reno county, a court of limited jurisdiction having jurisdiction of cases under the small claims procedure act. Under former K.S.A. 1975 Supp. 61-2709, appeals in small claims cases were governed by "the code of civil procedure before courts of limited jurisdiction." By referring to that code we find that under former K.S.A. 1975 Supp. 61-2103 the appeal was to the district court, where the case was to be tried "as if originally filed therein."

The 1976 legislature, as part of the court unification process, amended 61-2709 to provide that appeals in small claims cases should be taken as prescribed by "the code of civil procedure for limited actions." The change was necessary because effective January 10, 1977, there were no more courts of limited jurisdiction. Magistrate courts were abolished, and the trial judge in this case became on that date an associate district judge. Referring again to the code governing limited actions we find that under K.S.A. 61-2102(a) appeals from district magistrate judges were to a district judge or associate district judge, but appeals in actions heard originally by a district judge or associate district judge were taken directly to the court of appeals. Since the trial judge here had become an associate district judge by the time he decided the case, the statutes in effect at that time provided for appeals from his decisions to come directly to this court. Hence, both parties were denied the trial de novo in district court previously available, with the attendant right to counsel and to a jury trial on demand.

Appellant argues she was thus denied due process of law. We must agree. As has frequently been stated, the minimum elements

of due process are notice and a hearing. And in judicial proceedings at least, a hearing includes the right to counsel. In *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, the Court discussed the basic elements of due process. Describing the meaning of the opportunity to be heard, the court stated: "Historically and in practice, in our own country at least, [a hearing] has always included the right to the aid of counsel when desired and provided by the party asserting the right. The right to be heard would be, in many cases, of little avail if it did not comprehend the right to be heard by counsel." (*Id.* at 68-9.)

*Powell* was a criminal case, but other cases indicate that the language cited applies to civil hearings as well. For example, in a quiet title action, the Tenth Circuit stated that the "right to a hearing includes the right to the assistance of counsel of his own choice, if requested." (*Roberts v. Anderson,* 66 F.2d 874, 876 [10th Cir. 1933].) See, also, *Mendoza v. Small Claims Court,* 49 Cal. 2d 668, 321 P.2d 9 (1958); *Brooks v. Small Claims Court,* 8 Cal. 3d 661, 105 Cal. Rptr. 785, 504 P.2d 1249 (1973).

The exclusion of counsel from the small claims proceeding is not fatal where a trial de novo with counsel is available. As stated in the leading case of *Prudential Ins. Co. v. Small Claims Court,* 76 Cal. App. 2d 379, 382, 173 P.2d 38, 167 A.L.R. 820 (1946):

"There can be little doubt but that in both civil and criminal cases the right to a hearing includes the right to appear by counsel, and that the arbitrary refusal of such right constitutes a deprivation of due process. [Citations omitted.] But that does not mean that the Legislature cannot create a small claims court where informal hearings may be held without the assistance of counsel, as long as the right to appear by counsel is guaranteed in a real sense somewhere in the proceeding. . . . The defendant has no legal cause for complaint because if he is dissatisfied with the judgment of the small claims court he has a right of appeal to the superior court where he is entitled to a trial *de novo.* [Citation omitted.] In that court he and the plaintiff can, of course, appear by counsel. This satisfies the due process requirement."

See also, *Foster v. Walus,* 81 Idaho 452, 347 P.2d 120 (1959).

Appellant's second constitutional argument is that the requirement of appeal directly to the court of appeals denied her the right to trial by jury. Again we agree. Our cases state the familiar rule that a civil litigant is entitled to a jury trial if the action is essentially a legal rather than an equitable action. *Hasty v. Pierpont,* 146 Kan. 517, 72 P.2d 69; *Hindman v. Shepard,* 205 Kan. 207, 468 P.2d 103; *Board of Education v. Scoville,* 13 Kan.

17; *Nusz v. Nusz,* 155 Kan. 699, 127 P.2d 441; *Estey v. Holdren,* 126 Kan. 385, 267 Pac. 1098. Since this is a proceeding for the recovery of money, it is clearly an action at law, not equity. *Board of Education v. Scoville,* supra; *Hasty v. Pierpont,* supra. *Hasty* indicates that the right to jury trial cannot be absolutely denied regardless of the supposed justification. In that case the plaintiff had sued to recover attorney fees and had moved for the appointment of a referee to hear the facts, asserting that a complicated accounting problem was presented. Denying a writ of mandamus to compel the trial judge to decide plaintiff's motion, the court recognized defendants' right to a jury trial and commented that "[t]he constitutional provision is not directed at trial efficiency, but to protect the individual from oppression." (146 Kan. at 520.)

The guarantee of trial by jury, like the right to counsel, can be fulfilled if a trial de novo is available at the district court. In *Capital Traction Co. v. Hof,* 174 U.S. 1, 43 L.Ed. 873, 19 S.Ct. 580 (1899), the Court held that the right to a common-law jury trial as guaranteed by the Seventh Amendment to the United States Constitution is not violated by a statutory provision allowing the primary trial of civil cases of a moderate amount by a justice of the peace, where the statute also allowed the parties the right to appeal to a court of record where a common-law jury could be had. The Minnesota Supreme Court applied the same reasoning to uphold a statute establishing a "conciliation court" where the losing party could appeal and get a trial by jury. *Flour City Fuel and Transfer Co. v. Young,* 150 Minn. 452, 185 N.W. 934 (1921).

Our research indicates that in every case where summary procedures for settling small claims have been challenged either for failure to permit counsel or to provide an opportunity for a jury trial, the only basis for sustaining their constitutionality was the availability of those essential elements through a trial de novo on appeal.

It should be observed that the 1977 legislature, recognizing the problem, amended 61-2709 effective April 27, 1977, to provide that all appeals in small claims matters are to be heard de novo by a district judge or an associate district judge other than the judge who originally heard the case. An appeal lies to this court only after such a trial, with counsel authorized and a jury available on

demand as provided in K.S.A. 61-1716. In the meantime, appellant's case having been decided without the benefit of counsel or the opportunity for a jury trial, the resulting judgment cannot stand.

In view of our holding on the constitutional questions we need not reach appellant's evidentiary issues. The judgment is reversed and the case is remanded to the district court for a new trial, by jury if demanded.