NOT DESIGNATED FOR PUBLICATION

No. 118,020

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

ANDREW GREENE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; KEVIN P. MORIARTY, judge. Opinion filed June 8, 2018. Affirmed.

*Richard P. Klein*, of Olathe, for appellant.

*Shawn E. Minihan*, assistant district attorney, *Stephen M. Howe*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and STUTZMAN, S.J.

PER CURIAM:  Andrew Greene appeals the denial of his motion for a new trial based on DNA evidence involving his conviction for rape. At the hearing on his motion, after the attorney completed her argument, Greene asked to address the district court. The court allowed him to do so, and he admitted to touching the victim.  Greene now claims the district court violated his due process right by not advising him of his right against self-incrimination. We find no error. We affirm.

1

Greene was convicted of the rape of A.F. who "was incapable of giving consent due to mental deficiency or disease which was known or reasonably apparent" to Greene. The Kansas Supreme Court ultimately affirmed his conviction, vacated his sentence, and remanded the case to the district court for resentencing. *State v. Greene*, 299 Kan. 1087, 1099, 329 P.3d 450 (2014). On December 16, 2014, through the assistance of counsel, Greene filed a motion under K.S.A. 60-1507 for postconviction DNA testing, which was ordered. Then on July 22, 2016, Greene filed another motion pursuant to K.S.A. 21-2512 for further DNA testing and a new trial based on the test results.

At the hearing for a new trial, Greene's counsel argued there was a substantial possibility someone else engaged in contact with A.F because the DNA test results were exceptionally low. Greene's counsel further argued the testing evidence could be used to impeach A.F.'s testimony about Greene's contact with her. At the conclusion of his attorney's comments, Greene asked to address the district court directly. Greene engaged in a back-and-forth conversation with the district court judge about the theory of his motion. After reading sections of the trial transcript to the district court, Greene argued A.F. gave him permission to touch her. Greene admitted to touching A.F. but denied inserting his penis into her. Greene's counsel made no objections but guided the district court to the trial transcript pages Greene referenced.

The district court noted A.F.'s disability prevented her from giving consent, but Greene was arguing the same defense he had argued at trial—A.F. consented to his contact. The district court found the DNA test results were insufficient to grant a new trial because the test results would have no bearing since Greene admitted to touching A.F. and continued to argue she consented. The district court denied Greene's motion for a new trial.

Greene claims he was denied his procedural due process right to counsel because the district court allowed him to argue his motion, rendering him a pro se litigant. Greene

also claims his procedural due process right against self-incrimination was violated because the district court did not warn him against self-incrimination before he admitted, at the DNA and new trial hearing, to touching A.F. Neither of these claims were raised at the district court. Generally, issues not raised before the district court cannot be raised on appeal. See *State v. Kelly*, 298 Kan. 965, 971, 318 P.3d 987 (2014). However, a new legal theory may be asserted for the first time on appeal when the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case, consideration of the theory is necessary to serve the ends of justice or to prevent denial of fundamental rights, and the judgment of the district court may be upheld on appeal despite its reliance on the wrong ground or having assigned a wrong reason for its decision. *State v. Phillips*, 299 Kan. 479, 493, 325 P.3d 1095 (2014). Greene's claims of rights to counsel and against self-incrimination may be raised for the first time on appeal. See *State v. Frye*, 294 Kan. 364, 368-69, 277 P.3d 1091 (2012) (noting the fundamental right to counsel may be raised for the first time on appeal); *State v. Wahweotten*, 36 Kan. App. 2d 568, 578, 143 P.3d 58 (2006) (addressing defendant's claims against self-incrimination for the first time on appeal).

Greene does not have a constitutional right to counsel for claims brought under his 60-1507 motion because the claims are civil, not criminal. *Brown v. State*, 278 Kan. 481, 483, 101 P.3d 1201 (2004). Greene asks this court to apply the constitutional due process analysis found in *Mathews v. Eldridge,* 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976), but cites no cases where Kansas appellate courts applied this analysis to 60-1507 claims. Instead, Kansas courts address the statutory right to counsel by deciding if counsel's assistance was ineffective. See, e.g., *Kargus v. State*, 284 Kan. 908, 916, 169 P.3d 307 (2007) (weighing whether it was ineffective assistance of appellate counsel for failing to file a petition for review in a 60-1507 matter); *Davis v. State*, No 89,688, 2004 WL 794437 (Kan. App. 2004) (unpublished opinion) (reviewing appellant's 60-1507 claims to determine whether trial counsel was ineffective). Greene has not asked this court to decide if his attorney provided ineffective counsel and, therefore, has waived the

3

right to do so. See *State v. Williams*, 303 Kan. 750, 758, 368 P.3d 1065 (2016) (finding an issue not briefed by the appellant is deemed waived or abandoned).

Greene fails to show he was denied a specific procedural protection since the record indicates Greene received his right to counsel. Procedural due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. *State v. Wilkinson*, 269 Kan. 603, 608, 9 P.3d 1 (2000). The person claiming a due process violation has the burden to show he was denied a specific procedural protection. See *Wilkinson*, 269 Kan. at 609.

Prior to the hearing at the district court, Greene's counsel filed motions for DNA testing and a new trial. Both Greene and his attorney were present at the hearing and actively participated in it. Greene's counsel argued the motion for a new trial and the district court did not limit counsel's arguments. At the conclusion of his counsel's arguments, Greene voluntarily requested to speak with the district court. The district court then heard Greene's arguments. Greene's counsel assisted him by directing the district court to the page numbers in the trial transcript Greene referenced. The district court did not prevent Greene's counsel from making any objections or inhibit counsel's ability to aid Greene.

Greene cites to *Brown* and *Windholz v. Willis*, 1 Kan. App. 2d 683, 684, 573 P.2d 1100 (1977), yet these cases are factually distinguishable from Greene's circumstances. In *Brown*, the defendant's appointed attorney participated in a 60-1507 hearing and the district court denied relief. For over two years, defense counsel failed to notify the defendant of the hearing, the court's denial, and the right to appeal. The defendant only learned of the hearing after the Commission on Judicial Qualifications investigated the defendant's complaint that the district court never addressed his 60-1507. Thereafter, the defendant appealed and the *Brown* court allowed the appeal to proceed because counsel's

failures did not meet the "most minimal of standards" of effective assistance. 278 Kan. at 484.

In *Windholz*, our court remanded a case for a new trial because the change in the code of civil procedure prevented the parties from going to trial with counsel after a small claims case was decided. The parties in *Windholz* were required to appear pro se to resolve a small claims case before the magistrate judge in the magistrate court. Under K.S.A. 1975 Supp. 61-2709, an appeal from the magistrate judge would go to the district court. As part of the court unification process, the Legislature abolished the magistrate courts before the magistrate judge rendered his decision. As a result, the magistrate judge became an associate district judge and later rendered his decision. Under K.S.A. 1976 Supp. 61-2102(a), a case originally heard by an associate district judge had to be appealed directly to the Court of Appeals and could not be sent to the district court for a trial. After the now-converted associate district judge issued his decision against the appellant, she was required by statute to proceed to the Court of Appeals without any option for a trial with counsel at the district court. Based on these unique circumstances, a panel of our court found the due process right to counsel was violated and the case was remanded to the district court. *Windholz*, 1 Kan. App. 2d at 684-85.

Greene's circumstances are not similar to those in *Brown* and *Wilholz*. Unlike in *Wilholz*, Greene was not statutorily or procedurally barred from having an attorney present at his hearing for a new trial. Unlike in *Brown*, Greene was present with his attorney for the hearing on his motion. Both Greene and his attorney submitted their arguments to the district court. Procedural due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner. By allowing Greene and counsel to both argue his motion for a new trial, the district court gave Greene notice of and a meaningful time and manner to exercise his statutory right to counsel. See *Wilkinson*, 269 Kan. at 608.

5

Greene's brief primarily focuses on his right to counsel; he incidentally argues his due process right against self-incrimination was violated. He has abandoned this argument. See *State v. Sprague,* 303 Kan. 418, 425, 362 P.3d 828 (2015) (finding an issue raised incidentally in a brief and not argued therein is deemed abandoned).

Even if this issue was not abandoned, Greene's right against self-incrimination is not implicated here. Greene's claim is civil in a K.S.A. 60-1507 motion and the right against self-incrimination does not apply to civil matters. *Bankes v. Simmons*, 265 Kan. 341, 350-51, 963 P.2d 412 (1998).

Affirmed.